JEROME B. WASS, Respondent, v. BENJAMIN F. STEPHENS, Appellant.

The word "wilfully" in the provision of the Penal Code (§ 639), delaring that "any person who wilfully or maliciously displaces, removes, injures or destroys * * * a pipe or main for conducting water or gas * * * is punishable by imprisonment," means not simply a voluntary and intentional act, which is in fact wrongful, but one done with a wrongful purpose, with a design to injure another, or from mere wantonness or lawlessness.

In an action for malicious prosecution plaintiff's evidence showed these facts: Under a contract between defendant and the Brooklyn park commissioners for a supply of water to Prospect park, defendant's water-pipes were connected with certain mains belonging to the city, and under the control of the commissioners. By the contract the commissioners were authorized to terminate it and disconnect the pipes in case of failure of defendant to furnish water as agreed, on giving six months' previous notice. The commissioners caused a written notice to be served on defendant that they had annulled the contract because the defendant "had not performed the conditions" thereof, and were about to cut the connections. The next day, by written order given to plaintiff, who was in the employ of the commissioners, he was directed to disconnect the pipes; while engaged executing the order defendant protested and threatened to imprison him if he continued the work. He, however, completed it, doing the work in a proper manner and so as not unnecessarily to injure defendant's pipes. Defendant, who knew that plaintiff acted under the order of the commissioners, thereupon presented a verified complaint to a magistrate, under the Penal Code (§ 639), charging that plaintiff " did commit a misdemeanor by maliciously and wilfully cutting the water-main ;" it did not disclose the relation of plaintiff to the commissioners or the circumstances under which he acted. Plaintiff was thereupon arrested and brought before a magistrate. Upon the proceeding being adjourned defendant insisted that plaintiff should be "locked up." The proceeding was terminated by plaintiff's discharge. *Held*, that the evidence authorized the submission of the questions of probable cause and malice to the jury; that when defendant applied for the warrant he was chargeable with knowledge that in obeying the direction of the park commissioners, plaintiff did not "maliciously and wilfully" disconnect the pipes as charged.

(Argued June 12, 1891; decided June 23, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order

made July 3, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action for malicious prosecution.

It appeared that defendant, who owned or had control of certain water-works, on May 5, 1885, entered into a contract with the park commissioners of the city of Brooklyn to supply water to Prospect park in said city, and defendant's pipes were connected with mains belonging to the city, which were under the control of said commissioners. Said contract provided that in case defendant failed to furnish water as agreed said commissioners might terminate the contract and disconnect the pipes after notice of six months. On November 27, 1886, they served upon defendant a notice, in writing, that the contract was annulled for the reason that he " had not performed the conditions," and that they intended to cut off connections with his pipes and cautioned him to protect them. Two days after said commissioners gave to plaintiff, who was the inspector of parks in Brooklyn, a written order to disconnect the pipes. While engaged in doing so he was remonstrated with by defendant, who threatened to " jug " him if he did not desist. He however continued and completed the work, doing it in a proper manner, and so as to cause no unnecessary injury to the defendant's pipes. Defendant, knowing that plaintiff was acting under the order of the park commissioners, who were his superior officers, presented to a magistrate a verified complaint, which did not disclose plaintiff's official relation to said commissioners or the circumstances under which he acted, but alleged that he " did commit a misdemeanor, to wit: by maliciously and wilfully cutting the water-main " of defendant, against the statute (Penal Code, § 639), which provides that "any person who wilfully or maliciously displaces, removes, injures or destroys    *    *    *    a pipe or main for conducting water or gas    *    *    *    is punishable by imprisonment for not more than two years." A warrant was issued and plaintiff arrested thereunder and brought before the magistrate, and defendant insisted that he should be "locked up." The pro-

ceedings were adjourned and were terminated subsequently by his discharge.

Further facts appear in the opinion.

*Wm. J. Gaynor* for appellant. The motion for a nonsuit should have been granted. (Penal Code, § 639; *Anderson* v. *Howe*, 116 N. Y. 336.)

*Edward H. Kissam* for respondent. Questions of facts cannot be reviewed as there is no certificate that, nor in fact does, the case contain all the evidence. (*Porter* v. *Smith*, 35 Hun, 118; 107 N. Y. 531; *Aldridge* v. *Aldridge*, 120 id. 616; *Halpin* v. *Ins. Co.*, 118 id. 165; *Fagnan* v. *Knox*, 66 id. 531.) The only question that can possibly be raised is probable cause. This is a mixed proposition of law and fact and should be left to the jury under instructions. (*Heyne* v. *Blair*, 62 N. Y. 22; *Besson* v. *Southard*, 5 Seld. 236; *Miller* v. *Milligan*, 48 Barb. 30; *Stevens* v. *Lacour*, 10 id. 66; *Bulkley* v. *Keteltas*, 6 N. Y. 384; *Young* v. *Lyall*, 23 N. Y. S. R. 215; *Gierhaw* v. *Ludlow*, 6 N. Y. Supp. 111; *Collins* v. *Manning*, 32 N. Y. S. R. 998; *Hall* v. *Kehoe*, 28 id. 357; *James* v. *Phelps*, 11 A. & E. 483; *Carl* v. *Ayres*, 53 N. Y. 17; *Rockwell* v. *Brown*, 36 id. 207; *Von Latham* v. *Libby*, 38 Barb. 339.) Defendant had no probable cause. (Penal Code, § 639; *Fagnan* v. *Knox*, 66 N. Y. 528.) If the jury had any evidence which might sustain the verdict it is sufficient. (Moak's Underhill on Torts, 163.)

ANDREWS, J. The right of the park commissioners of Brooklyn to terminate their contract of May 5, 1885, with the defendant at any time, and thereupon to disconnect the water pipes of the defendant from the mains in Ocean parkway belonging to the city and under the control of the commissioners was, by the contract, dependent upon the failure or neglect of the defendant to furnish water according to his proposal, otherwise it could not be terminated and the water could not be cut off until six months after notice given by the

commissioners of their election to terminate the agreement. On November 26, 1886, the commissioners caused a written notice to be served on the defendant that they had annulled the contract for the reason, as stated therein, that the defendant "has not performed the conditions of the contract," and the notice further advised the defendant that the commissioners were about to cut the connections and notified him to protect his pipes and other property from any damage. It does not appear whether, in fact, the circumstances justified the commissioners in making an immediate disconnection under the terms of the contract. The commissioners, by a written order dated November 27, 1886, directed the plaintiff, who was in their employment, to disconnect the pipes. While he was engaged in executing the order the defendant protested and threatened to, "*jug*" him if he continued the work. He, however, completed it, and on the 1st of December, 1886, the defendant presented to a magistrate a verified complaint, setting forth that the plaintiff and others on the 1st day of December, 1886, "did commit a misdemeanor, to wit, by maliciously and wilfully cutting the water main, the property of the Kings County Water Supply Company and Benjamin F. Stephens, in the town of Gravesend, Kings county, against the statute," etc. The magistrate thereupon issued a warrant for the arrest of the plaintiff, upon which he was arrested and brought before the magistrate, and the proceeding was finally terminated by his discharge on the 26th of March, 1887. This is the proscution upon which the present action is based.

It appears that the defendant when he made the complaint knew that the plaintiff in disconnecting the pipes was acting under the orders of his superior officers, the park commissioners. But the defendant did not disclose this fact in his complaint to the magistrate. When the plaintiff was brought before the magistrate the proceedings were adjourned and, as appears from the testimony on the part of the plaintiff, the defendant insisted that the plaintiff should be "locked up." There was evidence given tending to show that the work of

disconnecting the pipes was done in a proper manner and so as to cause no unnecessary injury to the defendant's pipes. The court on the trial submitted to the jury the question of probable cause for instituting the prosecution before the magistrate, and also the question of malice. The jury found against the defendant on both questions, and it is now insisted that there was not only no evidence of the absence of probable cause, but that it affirmatively appeared upon the plaintiff's own showing that there was probable cause for the arrest.

The Penal Code (§ 639) provides that: " Any person who wilfully or maliciously displaces, removes, injures or destroys * * * a pipe or main for conducting water or gas * * * is punishable by imprisonment for not more than two years." The complaint made by the defendant before the magistrate charged the plaintiff with the offense under this statute, and to sustain the present action it was incumbent upon the plaintiff, among other things, to give evidence showing, or from which the jury might find that the defendant had no probable cause for believing that the plaintiff had committed the crime charged. The action for malicious prosecution is very ancient. The law puts no direct restraint upon the institution by one person of a civil action or a criminal prosecution against another. He may put in motion the civil or criminal law at his pleasure for the enforcement of an alleged private right or the punishment of an alleged public wrong. But if he acts from malice and institutes a groundless prosecution against another, either civil or criminal, the law affords to the injured party a remedy through an action for damages for malicious prosecution. The plaintiff, to maintain the action, must show that the prosecution was instigated by the defendant, that it has been determined in his favor, that there was no probable cause and that the defendant acted from malice. The question of probable cause may be a question of law for the court, or of fact for the jury, depending upon the circumstances. If the facts are undisputed and admit of but one inference, the question is one of law; if disputed, or if capable of opposing

inferences, the question is for the jury. (*James* v. *Phelps*, 11 A. & E. 483.)

It is plain that the plaintiff committed no criminal offense in disconnecting the pipes. The work was done on the premises under the jurisdiction of the commissioners and by their direction. Whether or not the commissioners were justified under their contract with the defendant in directing the pipes to be disconnected, was a matter not within the knowledge of the plaintiff, and with which he had no concern. He was bound to execute the orders of his superiors so long as they required him to do nothing in its nature criminal. If the commissioners violated their contract with the defendant, he had his remedy by action. When the defendant applied to the magistrate for a warrant, he was chargeable with knowledge that in obeying the directions of the park commissioners the plaintiff had not "maliciously and wilfully" disconnected the pipes as charged in his complaint. He did not disclose to the magistrate the relation in which the plaintiff stood to the commissioners, or the circumstances under which he acted. There was at least evidence to go to the jury upon both the questions of probable cause and malice. While it is true that what constitutes probable cause, where an arrest has been made, does not depend upon the question whether an offense has been actually committed, or upon the innocence of the accused, but upon the prosecutor's belief of his guilt, based upon reasonable grounds (1 Cush. 288; *Fagnan* v. *Knox*, 66 N. Y. 525), nevertheless, applying this test in this case, the jury were justified in their conclusion that the defendant had no reasonable ground for believing that the charge made by him was true. The plaintiff intentionally disconnected the pipes, and it may be conceded in so doing violated a right of the defendant. But the word "wilfully" in the statute means something more than a voluntary act, and more also than an intentional act which in fact is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or

lawlessness.    Our attention has been called to the case of *Anderson* v. *How* (116 N. Y. 336), as justifying a broader interpretation. There is some color for this claim in some remarks in the prevailing opinion, but as we understand the case the judgment proceeded on the ground that upon the evidence the existence of probable cause was proved, in that the act for which the plaintiff was arrested, was wanton and malicious.

We find no error in the record, and the judgment should be affirmed.

All concur.

Judgment affirmed.