(50 App. Div. 544.)

PEOPLE ex rel. SCHULER v. SCHATZ, City Judge.

PEOPLE ex rel. CALLEN v. SAME.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTION—JURISDICTION.

Under Liquor Tax Law, §§ 35, 37, requiring proceedings for the punishment of violations thereof to be prosecuted by indictment and trial in a court of record, except that a magistrate may issue a warrant of arrest on "information and depositions," and examine the case as now provided by law, and admit the accused to bail, and requiring every police officer having knowledge of any such violation to "immediately" notify the district attorney, who shall thereupon "cause the arrest of the person complained of," a committing magistrate has jurisdiction to issue warrants, on the information of a police officer, charging a violation of the law, without the intervention of the district attorney, and without notice to him of the alleged violation.

2. SAME—INFORMATION—SUFFICIENCY.

An information, under Liquor Tax Law, § 31, forbidding the selling or giving away of liquors on Sunday, which charges that the accused did sell "or" give away liquors on a certain Sunday, is bad for uncertainty, in the use of the disjunctive "or" instead of the conjunctive "and."

Appeal from special term, Westchester county.

Certiorari by the people of the state of New York, on the relation of Charles Schuler, and by the people, on the relation of Patrick Callen, against Adam E. Schatz, as city judge of Mt. Vernon, to inquire into the cause of relators' detention. From orders dismissing the writs, the relators appeal. Affirmed as to Callen and reversed as to Schuler.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George C. Appell, for appellants.

George C. Andrews, Dist. Atty., for respondent.

WOODWARD, J. In view of the provisions of section 35 of the liquor tax law, as amended by section 25 of chapter 312 of the Laws of 1897, the contention of the appellants that a committing magistrate has no jurisdiction to issue a warrant upon the information of a police officer, charging a violation of the liquor tax law, without the intervention of the district attorney, and without the information of such alleged violation having first been presented to the district attorney, is entirely untenable. The rule of law that, where a statute prescribes a particular mode of prosecution, no other mode can lawfully be pursued, has no relation to the facts in this case; the provisions of section 37 of the liquor tax law relating wholly to the duties of special agents, sheriffs, peace officers, etc., and in no wise limiting the jurisdiction of the courts. It would be a strange construction of the law creating misdemeanors, in connection with the trafficking in liquors, to say that any citizen possessed of any knowledge of violations of the law could not make an information before a magistrate, and cause the arrest of such offenders, without the information being first laid before the district attorney; especially when it is provided in section 35 "that a magistrate shall issue a warrant of arrest upon information and depositions and examine the case as now provided by law, but if it shall appear upon such examination that a crime, not triable by a court of special sessions has been committed, and that there is sufficient cause to believe that the person or persons charged with such crime is guilty thereof, such magistrate shall admit such person or persons to bail, in a sum not less than one thousand dollars, and in default of bail shall commit him or them to the sheriff of the county," etc. The fact that the person making the information now before us was a policeman does not change the rule governing the jurisdiction of the court or committing magistrate. The magistrate is directed to "issue a warrant upon information and depositions," and the question of his official position does not enter into the transaction. This makes it apparent that in the case of Callen the order appealed from should be affirmed.

The suggestion, however, that there is that degree of uncertainty in the information against Schuler which vitiates the warrant of arrest is, we think, well founded. By the provisions of section 31 of the liquor tax law, it is not "lawful for any corporation, association, co-partnership or person, whether having paid such tax or not, to sell, offer or expose for sale, or give away, any liquor on Sunday, or before

five o'clock in the morning on Monday." The information charges that "Charles Schuler did sell or give away certain strong and spirituous liquors, to wit, ale and lager beer, at his saloon on the northeast corner of Franklin avenue and Third street, in the city of Mt. Vernon, N. Y.; that said 7th day of January, 1900, being Sunday." We think that this information, being in the alternative, fails to inform Schuler of the specific offense with which he is charged; in fact, it charges no offense. See People v. Gilkinson, 4 Parker, Cr. R. 26. In the case cited Mr. Justice Emott said that, if it were alleged in an indictment that "the defendant sold rum, or gin, or brandy, that would leave it entirely uncertain what precise offense he had committed, or in what particular he had violated the law." For this reason the order appealed from in the Schuler case should be reversed. All concur.