(57 Misc. Rep. 568.)

### PEOPLE v. GILLIES.

(Supreme Court, Special Term, Westchester County. July, 1907.)

1. HIGHWAYS—WILLFULLY INJURING.

In Pen. Code, § 639, providing for the punishment of a person who "willfully" removes, injures, or destroys a public highway, the word "willfully" means something more than a voluntary act, and more than an intentional act which is in fact wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with design to injure another, or one committed out of mere wantonness or lawlessness.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7468, 7481, 7835, 7836.]

109 N.Y.S.—60

2. INDICTMENT—DISMISSAL—EVIDENCE TO AUTHORIZE.

Because of excavations made on certain brickyard property of defendant a portion of the public highway was destroyed by sliding into the same, and defendant was indicted, under Pen. Code, § 639, for willfully and maliciously destroying said highway by means of the excavations. The evidence before the grand jury warranted the conclusion that the excavations were one of the proximate causes of the sliding of the highway, and that defendant as executor and individually had given a three-year lease of the brickyard property, knowing that cracks in the street indicated a sinking of the highway. The lease provided that the excavations should be made in such way as not to endanger the highway. *Held*, a motion to dismiss the indictment on the ground that the evidence before the grand jury was insufficient would be denied.

James W. Gillies was indicted for destroying the public highway. On motion to dismiss indictment. Denied.

Charles Morschauser and Harvey De Baun, for the motion.
Thomas Gagan, Dist. Atty., opposed.

MILLS, J. On the 8th of January, 1906, a portion of Rockland street, which bounded upon the west the premises known as the "Gillies & Frederick brickyard property," at Haverstraw, in the county of Rockland, slid easterly into the excavations which had been made upon that property and was thereby destroyed. Some time afterwards, upon investigation made and evidence taken, the grand jury of Rockland county presented an indictment against the defendant, James W. Gillies, charging him with the crime of willfully and maliciously destroying said Rockland street, a public highway, by means of said slide and the excavations causing the same. A motion is now made in behalf of the defendant to dismiss such indictment upon the ground that the evidence taken by the grand jury was entirely insufficient to warrant the finding of the same.

The indictment was found under section 639 of the Penal Code, which defines the criminal act as follows:

"A person who willfully or maliciously displaces, removes, injures or destroys (1) a public highway or bridge * * * is punishable," etc.

The term "willfully" in this statute has been defined by the Court of Appeals as follows:

"But the word 'willfully' in the statute means something more than a voluntary act, and more, also, than an intentional act which, in fact, is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness." See Wass v. Stephens, 128 N. Y. 123, 128, 28 N. E. 21.

The test upon this motion, therefore, is, did the evidence warrant the grand jury in finding that the defendant willfully caused the destruction of Rockland street, above recited, in the sense and meaning of the term "willfully" as above defined by the Court of Appeals? Such evidence was ample to warrant the conclusion that the slide and consequent destruction of the street was caused in part at least by the excavations made upon the above-mentioned brickyard property; that, in other words, such excavations were one of the proximate causes of

such slide and destruction—that is, a cause without which the same would not have occurred.

The defendant, for a considerable period until about or shortly before the slide, had been an owner individually of one half interest in said brickyard property, and as executor and trustee under a certain will had had the management of the other half interest. On the 1st of January, 1903, he, acting individually and as such executor and trustee, leased the said premises to John Nicholson and John Reilly for the term of three years from that date, to be used as. a brickyard. There was evidence before the grand jury, notably that of the civil engineer, James A. Lee, that on January 1, 1903, when the defendant made the lease, the condition of those premises and of the portion of Rockland street abutting thereon were such—cracks having already appeared in the street—as to indicate sinking, and that any considerable further excavation on the premises in the pits already opened would be very likely to endanger that street. I think, therefore, the grand jury were warranted in finding that in authorizing any further such excavation, as the defendant did by the lease for a period of three years, he acted with a wanton and reckless disregard for the safety of the street, although in the lease he provided that the right to excavate granted must be exercised "in such a way as not to disturb or endanger Rockland street adjoining said premises." The lease further provided that the lessees should "dig down, obtain, and use the said clay and materials in the banks on said premises in a clear, full, and square manner, in like manner as heretofore the tenant of said premises operated the said banks." These two provisions should be read together, and, if the situation at the time of the making of the lease was such that any further considerable excavation "in like manner" as the previous tenant had excavated would obviously endanger the street, I apprehend that the clause "in such a way as not to endanger," etc., would not protect the defendant from either civil or criminal liability for the consequences of such continued excavation.

The evidence before the grand jury was quite meager and, of course, entirely unexplained on the side of the defendant. It may well be that when his side of the case is heard, or even when the witnesses for the prosecution are cross-examined in the usual way, the evidence as a whole will appear to be entirely insufficient to convict him, or to warrant even the submission of the case to the petit jury; but I do not think that such a motion as this should be granted, except where the evidence before the grand jury appears, upon a review of it by the court, to have been palpably insufficient, and I am not ready to so decide here, in view of the evidence as to the conditions on January 1, 1903, when the defendant made the lease. Assuming that the defendant was free from fault in leasing the premises, thus authorizing the continuation of excavation thereon, I do not think that the evidence before the grand jury warranted them in holding defendant criminally responsible for the effects of any excavation made by the tenants under the lease. The motion to dismiss the indictment is therefore denied.

Motion denied.