## PEOPLE ex rel. MAHER v. POTTER, Justice of the Peace.

(Supreme Court, Special Term, Westchester County. November, 1907.)

1. HEALTH—REGULATION AND OFFENSES—INFORMATION—SUFFICIENCY OF ACCUSATION—"WILLFUL."

Pen. Code, § 397, subd. 1, declares a person who willfully violates or refuses or omits to comply with any lawful order or regulation prescribed by a local board of health or local health officer guilty of a misdemeanor. Yonkers City Charter, tit. 6, § 10, declares any person willfully violating any lawful ordinance guilty of a misdemeanor. An information charged one with having unlawfully violated Yonkers Sanitary Code, art. 15, § 144, by using a building as a boarding and lodging house for over 200 men; the

building not being constructed as required by Yonkers Sanitary Code, and especially of article 15 thereof. *Held*, that as the information did not charge, in terms or in substance, that the alleged violation was "willful," it charged no crime; the term "willful" in the statutes having a substantial meaning.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7468–7481, 7835–7836.]

2. SAME.

The information was also defective and probably insufficient to confer jurisdiction on the magistrate because it did not definitely and precisely state the violation intended to be alleged; article 15, which was alleged to have been violated, containing several different requirements as to the construction and equipment of a building used for the purposes alleged.

3. CRIMINAL LAW—CERTIORARI—UNLAWFUL RESTRAINT.

The slightest restraint of a person is sufficient to warrant the issuing of the writ of certiorari to inquire into its cause, and hence it will issue to inquire into the restraint of one committed to the custody of his attorney by a magistrate; the attorney being an officer of the court.

Certiorari by the people, on the relation of Edward A. Maher, to review the act of Oswald W. Potter, a justice of the peace, acting as city judge of Yonkers in causing the restraint of relator. Relator discharged.

Ambrose F. McCabe, for relator.

Frederick C. Weeks, Asst. Dist. Atty., for defendant.

MILLS, J. This is a proceeding by writ of certiorari for the purpose of inquiring into the cause of the imprisonment or restraint of the relator. It appears from the petition and return that the defendant, a justice of the peace of the city of Yonkers, while serving as the acting city judge of that city, received from the health officer of the city a complaint, verified by him on the 25th of October last, against the relator, charging him with having "unlawfully violated section 144, art. 15, of the Sanitary Code of the city of Yonkers, in that he did use and cause to be used the building of the Yonkers Railroad Company, a domestic corporation, at the foot of Main street, Yonkers, N. Y., as a boarding and lodging house for upwards of 200 men housed therein, the said building not conforming in construction to the requirements of the Sanitary Code, in violation of the Sanitary Code of the city of Yonkers, and especially of article 15 thereof." Upon the arraignment of the relator for trial before the defendant, the relator's counsel made various motions for a dismissal of the complaint and for his discharge, upon several grounds, among others, in substance, that the information did not state facts sufficient to constitute a crime, and, further, that the information failed to state wherein a crime was committed.

The question presented here for determination is whether or not the information charged the relator with having committed a crime, which the acting city judge had jurisdiction to try. It clearly appears that the information did not charge the commission of any such crime, or, indeed, of any crime whatever. The violation of provisions of the Sanitary Code of the city of Yonkers may constitute a misdemeanor either under the provisions of subdivision 1, § 397, Pen. Code, or of

the latter sentence of section 10, tit. 6, Yonkers City Charter. In each case the statute requires that the act in violation must have been willfully performed. Thus the provision of the Penal Code reads: "A person who willfully violates or refuses or omits to comply," etc., and that of the city charter reads, "Every person willfully violating any lawful ordinance." The information in no respect satisfied this requirement. It did not charge, either in terms or in substance, that the alleged violation was willful. The term "willful" in such a statute is one of substantial meaning, as was distinctly held in the case of Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21.

The information was also defective, and therefore probably insufficient to confer jurisdiction upon the magistrate, for the reason that it did not definitely and precisely state the violation intended to be alleged. The information alleged simply that the relator was using a certain building for a boarding and lodging house for upwards of 200 men housed therein, which said building did not conform in construction to the requirements of the Sanitary Code of the City of Yonkers, and especially of article 15 thereof. Such article contains many, or at least several, different requirements as to the construction and equipment of a building used for such purposes. The information did not in any manner allege which one of said requirements had been violated, and therefore failed to give to the relator the information of the charge against him, which he was entitled to have. Upon the trial the health officer, as a witness for the prosecution, testified to deficiencies in the quarters or arrangements for sleeping, in those for the kitchen, and in those for toilets, while the information gave no such detail. I think that it therefore failed to charge a crime, and for this reason failed to confer jurisdiction upon the magistrate. See People ex rel. Schuler v. Schatz as City Judge of Mt. Vernon, 50 App. Div. 544, 546, 64 N. Y. Supp. 127; People v. Corbalis, 178 N. Y. 516, 71 N. E. 106. It follows, therefore, that the magistrate should have granted the relator's motion for a dismissal of the complaint and for his discharge upon the ground that the complaint or information did not charge the commission of a crime. This conclusion does not appear to be disputed by the learned assistant district attorney; but he insists that, inasmuch as it appears by the return that the relator has by the magistrate been committed to the custody of L. P. Davis, one of his attorneys, he is not therefore in any manner restrained of his liberty, and that, under those circumstances, neither writ can properly be issued. For this purpose, he cites and relies upon the case of People ex rel. Albert v. Pool, 77 App. Div. 148, 78 N. Y. Supp. 1026. In that case, when the writ was issued, the relator had been admitted to bail and entirely discharged. It was therefore held by the Appellate Division in the First Department that he was then not at all under restraint, and, therefore, that the writ could not properly be issued. In this case the relator has not been fully discharged. He has simply by the magistrate been committed to the custody of an individual. It is well settled that the slightest restraint is sufficient to warrant the issuing of the writ. Mr. Davis is an officer of the court; and his custody of the relator may perhaps be regarded in some sense as that of

the court or magistrate. No authority bearing directly upon the question whether or not such a custody constitutes such restraint as to warrant the issuing of the writ is presented to me. In the absence of such authority, especially in view of the clear merits of the relator's claim to his prompt discharge, I have decided to hold that such custody constitutes sufficient restraint.

The relator is therefore entitled to be discharged.