(61 Misc. Rep. 88.)

### OREFICE v. SAVARESE.

(Supreme Court, Appellate Term. November 30, 1908.)

1. APPEAL AND ERROR (§ 867\*)—REVIEW—SCOPE.

On appeal solely from an order denying a new trial, the appellate court can consider only the weight of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3476; Dec. Dig. § 867.\*]

2. MALICIOUS PROSECUTION (§ 16\*)—ELEMENTS.

To maintain an action for malicious prosecution, plaintiff must show that the prosecution was instigated by defendant, that it has been determined in plaintiff's favor, that there was no probable cause, and that defendant acted from malice.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 19–22; Dec. Dig. § 16.\*

For other definitions, see Words and Phrases, vol. 5, pp. 4309, 4310.]

3. MALICIOUS PROSECUTION (§ 32\*)—EVIDENCE—SUFFICIENCY—MALICE.

In an action for malicious prosecution, it is not necessary to establish actual malice affirmatively, as it may be inferred from lack of probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 67, 68; Dec. Dig. § 32.\*]

4. MALICIOUS PROSECUTION (§ 71\*)—ACTIONS—QUESTIONS FOR JURY.

In an action for malicious prosecution, the question of probable cause is for the court, if the facts are undisputed and admit of but one inference; but if the facts are disputed, or capable of opposing inferences, the question is for the jury.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 161, 162; Dec. Dig. § 71.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MALICIOUS PROSECUTION (§ 15*)—ACTIONS—DEFENSES—PROBABLE CAUSE.
    Probable cause is a defense to an action for malicious prosecution, though express malice is shown.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 18; Dec. Dig. § 15.*]

6. MALICIOUS PROSECUTION (§ 20*)—"PROBABLE CAUSE."
    Knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful ground for a prosecution, is "probable cause," which will defeat an action for malicious prosecution.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 26–28; Dec. Dig. § 20.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5618–5627; vol. 8, p. 7765.]

7. MALICIOUS PROSECUTION (§ 71*)—ACTIONS—QUESTIONS FOR JURY.
    In an action for malicious prosecution, whether there had been probable cause held for the jury.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 161, 162; Dec. Dig. § 71.*]

8. MALICIOUS PROSECUTION (§ 69*)—ACTIONS—DAMAGES—EXCESSIVENESS.
    A verdict of $450 in an action for malicious prosecution was not excessive.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 158; Dec. Dig. § 69.*]

Appeal from City Court of New York, Trial Term.

Action by Palmerino Orefice against Giovanni Savarese. Judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

M. Frederick Werner, for appellant.

Andrew S. Fraser, for respondent.

PER CURIAM. Plaintiff got a judgment for $450 and costs for malicious prosecution upon the verdict of a jury. As this appeal is solely from the order denying the motion for a new trial, the appellate court can only consider the weight of evidence.

The defendant based his motion for a new trial on the claim that defendant had shown probable cause. The plaintiff, to maintain an action for malicious prosecution, must show: (1) That the prosecution was instigated by the defendant; (2) that it has been determined in plaintiff's favor; (3) that there was no probable cause; and (4) that defendant acted from malice. It is not necessary, however, to establish affirmatively actual malice on the part of defendant, as malice may be inferred from lack of probable cause. The question of probable cause may be a question of law for the court, or one of fact for the jury, depending on circumstances. If the facts are undisputed, and admit of but one inference, the question is one of law for the court; but if the facts are disputed, or capable of opposing inferences, the question is one for the jury. See Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21; Langley v. East River Co., 41 App. Div. 470, 50 N. Y. Supp. 992. If probable cause exists, it is a protection against an

action for malicious prosecution, even though express malice is proved. Burt v. Smith, 181 N. Y. 5, 73 N. E. 495. If the defendant had knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he had lawful grounds for prosecuting the plaintiff, probable cause was present.

The facts are substantially as follows, viz.: On the morning of June 8, 1903, defendant discovered that a valise belonging to him and containing over $800 had been stolen the previous night. He called upon the police department, who sent a detective to investigate the matter. Plaintiff, who was an employé of defendant, together with other employés, all of whom seem to have had access to the room where the valise had been left, was called before the detective and defendant, and was questioned with regard to the matter. He answered in an insolent and apparently somewhat evasive manner, and defendant, upon the advice of the detective, told the latter to arrest plaintiff. The latter was examined before the police magistrate and discharged for want of proof against him. Thereafter the defendant and one Bonogara, who was "very nervous," according to defendant's testimony, searched the house again and found the valise on the roof, and subsequently a girl named Maria Rosetti told defendant that she had seen plaintiff running up to the roof with this valise in his hand. Thereupon defendant had plaintiff arrested the second time, and after a trial in the Court of General Sessions plaintiff was acquitted and discharged.

It seems to us that, while the jury might well have found probable cause such as to justify a reasonable man in the belief that he had lawful grounds for prosecuting plaintiff, still the facts may be said to be capable of opposing inferences, and that the question of probable cause was therefore one for the jury, whose finding on the subject is conclusive. Wass v. Stephens, supra.

The amount of the verdict, $450, was not excessive damages, and we are of the opinion that the court below was justified in denying the motion for a new trial.

The order should be affirmed, with costs and disbursements.