## PEOPLE v. MARTINITIS.

(Supreme Court, Appellate Division, Second Department. June 4, 1915.)

1. HIGHWAYS ⬳186—OFFENSES IN USE OF HIGHWAYS—"WILLFUL."

    Penal Law (Consol. Laws, c. 40) § 43, provides that a person who willfully and· wrongfully commits any act which seriously injures the person or property of another, for which no other punishment is expressly provided, is guilty of a misdemeanor. Highway Law (Consol. Laws, c. 25) § 332, requires persons meeting on a highway to turn to the right, and provides a penalty for failing so to do. Defendant negligently drove on the wrong side of the road, colliding with an automobile and injuring the occupants of the automobile. *Held*, that he was not guilty of a violation of section 43, as an act is not "willful" unless there is an intention design-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

edly and purposely to cause injury, and an act, though intentional, is not willful, unless done with a wrongful purpose, or with a design to injure another, or committed out of mere wantonness or lawlessness.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 476, 477; Dec. Dig. ☞186.

For other definitions, see Words and Phrases, First and Second Series, Willful.]

2. HIGHWAYS ☞186—OFFENSES IN USE OF HIGHWAY—"NUISANCE"—"PUBLIC NUISANCE."

Driving on the left side of a highway is not a "nuisance," and does not violate Penal Law, § 1530, providing that a "public nuisance" is a crime, and consists in unlawfully doing an act or omitting to perform a duty, which act or omission annoys, injures, or endangers the comfort, repose, health, or safety of any considerable number of persons, or unlawfully interferes with or obstructs, or tends to obstruct, a public highway.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 476, 477; Dec. Dig. ☞186.

For other definitions, see Words and Phrases, First and Second Series, Nuisance; Public or Common Nuisance.]

Appeal from Nassau County Court.

Tony Martinitis was convicted of an offense, and from the judgment of conviction, and an order of the County Court affirming such conviction, he appeals. Reversed, and defendant discharged.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Harry W. Moore, of Mineola (John P. McCarthy, of Oyster Bay, on the brief), for appellant.

Lewis J. Smith, Dist. Atty., of Mineola (Charles I. Wood, Asst. Dist. Atty., of Mineola, on the brief), for the People.

PER CURIAM. [1] On December 12, 1914, at about 7:30 in the evening, defendant was driving a farm wagon with two horses along a public road running between Oyster Bay and Bayville. A motor car, passing along this road, met the defendant's team, which had no lights, so that the two vehicles collided. The shaft of the cart passed through the motor car's windshield, injuring the driver and another in the car. The evidence warranted the jury in finding that the accident was because defendant drove on the wrong side of the road.

Was this a violation of section 43 of the Penal Law? This is the familiar provision which makes a misdemeanor any willful act which seriously injures the property of another, or which disturbs the public peace or health, or outrages public decency, for which no other punishment is expressly prescribed. This defendant negligently drove on the wrong side of the highway, which resulted in injury to person and property. But this section of the Penal Law requires that the injuring act shall be "willful." There must exist an intention designedly and purposely to cause injury. Not every intentional act is willful. It must be with wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness. Wass v. Stephens, 128 N. Y. 123, 128, 28 N. E. 21.

[2] Driving on the left side of the highway is not a nuisance, and

does not violate section 1530 of the Penal Law. The conviction in People v. Darragh, 141 App. Div. 408, 126 N. Y. Supp. 522, cited on this point, is not applicable. Darragh was operating a motor car at high speed in a closely built up section of the city. He drove into a crowd of boys and killed one. He was rightly convicted, since his excessive speed was a misdemeanor (Highway Law, § 291), giving to his act of running down the boy the character of manslaughter (Penal Law, § 1050, subd. 1). But driving on the left side of a road is not a misdemeanor. It subjects the offender only to a civil penalty of $5, to be recovered by the party injured, in addition to the damages caused by such violation. Highway Law, § 332. Modern traffic conditions upon country roads at night may well call for more strict regulations to prevent collision, but this consideration is for the Legislature. A civil penalty having been affixed for driving on the wrong side of the road, that infraction is not subject to prosecution under the Penal Law.

The judgment of conviction of the Court of Special Sessions, and order of the County Court of Nassau County, affirming said conviction, should therefore be reversed, and the defendant discharged.