### UNITED STATES v. BUTLER et al.

(District Court, E. D. New York. January 4, 1922.)

1. **Intoxicating liquors ⇐274—Requisites of bill to enjoin nuisance.**

In a suit under National Prohibition Act, tit. 2, § 22, to enjoin a nuisance the bill must set forth the facts which constitute the nuisance, and if the sale of liquor in the premises is alleged it must appear that it was sold, kept, or bartered habitually, continually, or recurrently, and a general allegation that liquor has been and is being sold and kept for sale therein is insufficient.

2. **Intoxicating liquors ⇐261—To constitute place a nuisance, its unlawful use must have been with owner's knowledge, actual or implied.**

To constitute a place a common nuisance, which may be closed to use by injunction, under National Prohibition Act, tit. 2, § 22, its unlawful use must have been with the consent of the owner, or he must have had knowledge or reason to believe it was so used.

3. **Intoxicating liquors ⇐274—Bill to enjoin nuisance must allege specific violation of statute.**

Under National Prohibition Act, tit. 2, § 21, providing that any building or place where liquor is "manufactured, sold, kept or bartered in violation of this title is hereby declared to be a common nuisance," a bill

for an injunction to close a place as a nuisance under the following section 22 must allege specifically what violation of the statute was committed therein, and it is not sufficient to allege in the disjunctive that liquor was manufactured, sold, kept, or bartered on the premises.

**4. Intoxicating liquors ☞274—Allegations on information and belief insufficient to warrant injunction.**

A bill to enjoin a nuisance, under National Prohibition Act, tit. 2, § 22, is insufficient to authorize the granting of a temporary injunction, where the allegations are made on information and belief.

In Equity. Suit by the United States against Elias H. Butler and the S. Liebmann's Sons Brewing Company. On motion to dismiss bill. Granted.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y.

Alexander S. Drescher, of Brooklyn, N. Y. (Isidore Oshlag of Brooklyn, N. Y., on the brief), for defendant Butler.

Liebman, Blumenthal & Levy, of New York City (Walter H. Liebman and David Levy, both of New York City, of counsel), for defendant S. Liebmann's Sons Brewing Co.

GARVIN, District Judge. Each of the defendants moves to dismiss the bill of complaint upon the ground that no cause of action and that no facts sufficient to entitle plaintiff to the relief demanded appear in the bill. The action is brought pursuant to the provisions of section 22, title 2, of the National Prohibition Act (41 Stat. 314), which reads as follows:

"An action to enjoin any nuisance defined in this title may be brought in the name of the United States by the Attorney General of the United States or by any United States attorney or any prosecuting attorney of any state or any subdivision thereof or by the commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this act constituting such nuisance. No bond shall be required in instituting such proceedings. It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, or stored in such room, house, building, boat, vehicle, structure, or place, or any part thereof. And upon judgment of the court ordering such nuisance to be abated the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $500 nor more than $1,000, payable to the United States, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this title upon said property."

The plaintiff prays that the court abate the public and common nuisance on the premises referred to in the bill of complaint, close same, take possession of all liquor, fixtures, and other property now used on said premises in connection with the violation of law constituting said nuisance, direct the destruction of all intoxicating liquor on the premises, or its delivery to a department or agency of the United States government, direct that the premises shall not be occupied or used for one year after the date of the decree, or, if the court permits it to be used, only upon giving security that intoxicating liquor shall not thereafter be manufactured sold, bartered, kept, or otherwise disposed of therein or thereon, and that the defendants pay all costs, fines, and damages that may be assessed for any violation of title 2 of the National Prohibition Act upon said property. Plaintiff also asks for a temporary injunction, pending final determination of the issues, restraining all persons occupying the premises from conducting or continuing a nuisance thereupon.

[1] 1. The defendants claim that the allegation in the bill of complaint, "that the defendants are maintaining and conducting a common nuisance on the premises, described herein, in that intoxicating liquor containing more than one-half of 1 per cent. of alcohol by volume has been and is being sold and kept for sale in the premises," is a conclusion of law only, and is not sufficient, in the absence of any specific allegation of fact. They refer particularly to the decision in the case of United States v. Cohen (D. C.) 268 Fed. 420, in which it was held that the facts constituting a nuisance at common law must be set forth. With this conclusion this court is in accord. A pleading which does not fairly apprise an opposing party of what is expected to be proved thereunder fails to accomplish one of the controlling reasons for the requirement of written pleadings, and the mere employment of the words of the statute, as here used, does not sufficiently inform defendants of what the plaintiff claims has been done which constitutes a crime. United States v. Cohen, supra; Mugler v. Kansas, 123 U. S. 623, at page 672, 8 Sup. Ct. 273, 31 L. Ed. 205.

2. Furthermore, as urged by defendants, it must clearly appear that the liquor prohibited was sold, kept, or bartered habitually, continually, or recurrently. City of Salina v. Langhlin, 106 Kan. 275, 187 Pac. 676; United States v. Cohen, supra; Tuttle v. Church (C. C.) 53 Fed. 422; State v. Stanley, 84 Me. 555, 24 Atl. 983. This requirement has not been met by the plaintiff in its bill of complaint.

[2] 3. The defendant Brewing Company contends that the failure of the bill to allege that the company has knowledge or reason to believe that the premises are occupied or used for any purpose contrary to the provisions of the National Prohibition Act and suffers such use is a fatal defect so far as this action is concerned. It is provided by section 21, title 2, of the National Prohibition Act, that:

"Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not

more than one year, or both. If a person has knowledge or reason to believe that his room, house, building, boat, vehicle, structure, or place is occupied or used for the manufacture or sale of liquor contrary to the provision of this title and suffers the same to be so occupied or used, such room, house, building, boat, vehicle, structure, or place shall be subject to a lien for and may be sold to pay all fines and costs assessed against the person guilty of such nuisance for such violation, and any such lien may be enforced by action in any court having jurisdiction."

From this it is apparent that mere occupancy, without knowledge or reason to believe that the premises are being used in violation of law on the part of the owner, is insufficient.

[3] 4. The bill of complaint alleges:

"The intoxicating liquor manufactured, sold, kept, or bartered upon the said premises of the said defendant is sold and kept for sale for beverage purposes."

This was obviously for the purpose of pleading the facts constituting the nuisance in question, for section 21, supra, defines a common nuisance under the act as:

"Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title," etc.

Consequently it is apparent that a nuisance may result either from manufacturing, selling, possessing, or trading in intoxicating liquor, except as permitted by the act, and that the bill of complaint must allege at least one of these as a fact. The defendants insist that the allegation may not be in the disjunctive, citing Crain v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; Simpson v. United States, 229 Fed. 940, 144 C. C. A. 222, and People ex rel. Schuler v. Schatz, 50 App. Div. 544, 64 N. Y. Supp. 127. These cases (and certainly the last named) are authorities for a general prohibition against setting forth several acts disjunctively in an indictment, but no reason is suggested why they should not apply to a bill in equity. Indeed, there is direct authority for holding that such a bill must be specific. Brooks v. O'Hara (C. C.) 8 Fed. 529.

[4] Of course, no temporary stay could be granted, under the bill of complaint, which alleges upon information and belief that the acts were committed. Positive averments are required. Brooks v. O'Hara, supra.

The motion will be granted, each of the four objections to the bill being sufficient to justify such action by the court. Plaintiff may serve an amended bill within 20 days.