## UNITED STATES v. SIMONETTI et al.
### No. 5194.

District Court, E. D. New York.
Dec. 1, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Francis F. Giles and J. T. Carroll, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Harold L. Cowin, of Brooklyn, N. Y., for defendants.

BYERS, District Judge.

Motion to dismiss a bill in equity because it appears therefrom that sufficient facts are not stated to constitute a cause of action.

The proceeding is for an injunction to abate a nuisance pursuant to 27 USCA § 34 (title 2, § 22, National Prohibition Act).

The bill alleges, in paragraph IV:

"The complainant is informed and verily believes and therefore alleges on information and belief that the defendants, Biagio Simo-

netti and Cannaro Simonetti are the occupants or one of them is the occupant of the said premises.

"That the defendants, Cannaro Simonetti and Maria C. Simonetti, are the owners of the said premises."

Thus it will be seen that the bill does not allege who is the occupant of the premises.

The next prior section of the statute (27 USCA § 33) defines the characteristics of property declared to be a common nuisance as follows: "Any * * * building * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter * * * is hereby declared to be a common nuisance. * * *"

Paragraph V of this bill alleges on information and belief that "said premises (described in Par. III) are now used and maintained as a place where intoxicating liquor as defined * * * is sold and kept for sale for beverage purposes in violation," etc.

This averment is challenged as being the statement of a conclusion and not of the ultimate facts, because of which the plaintiff asks relief. It would seem that this allegation of the bill, if true, would result from the transaction in the premises of one or more forbidden activities, and hence that those ultimate facts should be pleaded, and not the effect thereof.

Such seems to be the rule laid down in this court in the case of United States v. Butler (D. C.) 278 F. 677, decided by Judge Garvin in 1922. That case was not appealed by the United States, and, until its authority is impaired by decision of the Circuit Court of Appeals, Second Circuit, the rule of stare decisis controls the disposition of this motion.

Motion granted, with leave to amend. Settle order on two days' notice.