THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALESSANDRO ARCAMONE, Defendant.

County Court, Kings County, February 7, 1938.

*William F. X. Geoghan, District Attorney,* for the plaintiff.

*Caesar B. F. Barra,* for the defendant.

BRANCATO, J.   The defendant has filed a demurrer to an indictment accusing him " of the crime of buying, receiving, concealing or withholding stolen *or* wrongfully acquired property committed as follows: The defendant on June 6th, 1937, in the county of Kings, bought, received, concealed *or* withheld and aided in concealing *or* withholding the following property, etc."

The indictment in question offends section 275 of the Code of Criminal Procedure, which provides that an indictment " must contain * * * 2. A plain and concise statement of the act constituting the crime."   Whenever a statute prescribes different means whereby a crime can be committed, the offense may be charged in one count of the indictment conjunctively, that is to say, as having been committed in all of the various ways enumerated in the statute, although proof of the commission of the crime in any one of them will sustain a conviction.   " The offense may be committed in any one of the several ways mentioned, that is, by receiving, obtaining, converting, etc., such funds or property wrongfully, with intent to defraud.   It was not necessary to prove that the defendant did all the specific acts charged in the indictment, to justify a conviction.   It was sufficient to prove that he did any one of the acts constituting the offense.   Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together, and charge the defendant to have committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others."   (*Bork* v. *People,* 91 N. Y. 5, 13.   See, also, *Read* v. *People,* 86 id. 381; *Woodford* v. *People,* 62 id. 117; *Osgood* v. *People,* 39 id. 449, 451.)

It must be noted, however, that by reason of section 275 of the Code of Criminal Procedure, the several means of committing the prohibited act, although enumerated in the statute disjunctively, if charged in a single count of the indictment, should not be alleged in the disjunctive form.   To charge a violation of section 1308 of the Penal Law, in a single count of the indictment committed by " buying, receiving, *or* concealing property, etc.," leaves the defendant to conjecture by which of the three means enumerated he is charged to have violated said section 1308.   He is not accused of buying or of receiving or of concealing stolen property.   He will be required to wait until the trial to know that.   A charge in the disjunctive form fails to give the defendant a plain and concise

statement of the act constituting the crime alleged in the indictment which he is required to meet. If the crime, however, is charged in the conjunctive form, the defendant is placed on notice that the prosecutor intends to prove the commission of the crime by *all* the means enumerated in the indictment even though, in fact, only one may be established against him. (*People ex rel. Schuler* v. *Schatz*, 50 App. Div. 544; *People* v. *Kane*, 43 id. 472.)

Demurrer sustained, indictment dismissed, with direction to the district attorney to proceed forthwith to resubmit to the present or succeeding grand jury. Defendant's bail continued pending the presentation to the grand jury.