In the Matter of OLD REPUBLIC LIFE INSURANCE COMPANY, Petitioner, *v.* THOMAS THACHER, as Superintendent of Insurance of the State of New York, Respondent.

Third Department, March 13, 1962.

*Hodges, Reavis, McGrath & Downey* (*John P. McGrath* and *Denis B. Sullivan* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Samuel A. Hirshowitz* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* Between March 1, 1959 and March 15, 1960 the petitioner Old Republic Life Insurance Company issued 13 credit life insurance policies which the Superintendent of Insurance has held to be in violation of statute; and a penalty of $1,000 for each of the 13 policies thus issued has been imposed by the Superintendent on the petitioner in pursuance of section 225 of the Insurance Law.

This section, added in 1952 (ch. 595) and amended in 1958 in respects not here material, authorizes the Superintendent to impose a penalty upon an insurer "wilfully violating any of the provisions of article seven or article nine-a relating to filings of life * * * contract forms".

It is not disputed that the forms of the 13 policies issued by petitioner in 1959–1960 had been previously approved by the Superintendent and the premium rates filed in the Department of Insurance. The basis of the Superintendent's defense in this proceeding is that the enactment of the 1958 amendments to Insurance Law (§ 154, subd. 7; § 204, subd. 1, par. [c]) invalidated any prior approval of credit insurance policy forms; that new approval of any existing policies was necessary; and that without new approval the issuance of the policies previously approved was unlawful.

This automatic effect of the 1958 amendment has not been demonstrated. For some time the statute (Insurance Law, § 154, subd. 1) specifically required the approval by the Superintendent of all credit life insurance. Since 1949 that subdivision provided that no such policy "shall be delivered

or issued for delivery * * * unless approved by the superintendent ".

The 1958 amendments (ch. 683), which greatly broadened the power of the Superintendent on credit life insurance, the effect of which was considered here in *Matter of Old Republic Life Ins. Co. v. Wikler* (12 A D 2d 310, affd. 9 N Y 2d 524), did not in terms automatically invalidate credit life insurance policies previously approved by the Superintendent. No language in the 1958 amendment may reasonably be given that consequence.

The power resided in the Superintendent to revoke his prior approval and require the resubmission of the form of contracts which the petitioner intended to issue. For a long time subdivision 1 of section 154 contained the provision that the Superintendent may " disapprove " any policy of life insurance.

There can be no doubt if he was of opinion the form of policies issued by petitioner were contrary to public policy or the premiums unreasonable he could at any time have disapproved them. He did not do this, but imposed the penalty because he felt the statute had automatically revoked his prior approval.

The procedure for withdrawal of approval of policy forms is fully spelled out in section 141 of the Insurance Law. Upon due notice and hearing the Superintendent may " withdraw an approval previously given ".

Even if the statutory provisions were to be construed differently, it would be doubtful if the continuance of the use of the previously approved policies under the circumstances here was " wilfully violating " the statute within section 225.

During the period in which these policies were issued the petitioner and Superintendent were in litigation over the power of the Superintendent to promulgate a regulation governing the issuance of this type of policy and his power peremptorily to revoke all previous approvals of policy forms.

On September 30, 1958 the court at Special Term granted a stay in an article 78 proceeding which continued in effect until the order entered in this court in 1961. During the period in which these policies were issued, therefore, the Superintendent was restrained from effectuating his regulation; but there seems to have been no obstacle to his having acted under section 141 to revoke prior approvals on notice and hearing. He did not do this.

The Superintendent corresponded with the petitioner contending it would be " illegal " to issue further policies without new approvals; but it must be borne in mind that this was one aspect of the controversy which the present parties, as adversaries, were then actually litigating. On what " wilfully " may

mean in a penal or penalty statute, see e.g., *People* v. *Broady* (5 N Y 2d 500); *Wass* v. *Stephens* (128 N. Y. 123); *Kellems* v. *United States* (97 F. Supp. 681).

The determination should be annulled, with $50 costs.

BERGAN, P. J., COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Determination annulled, with $50 costs.