| 113 | 505 |
| 132 | 557 |
| --- | --- |
| 113 | 505 |
| 140 | 444 |
| 141 | 111 |
| 141 | 594 |
| 142 | 226 |
| 142 | 679 |
| 143 | 365 |
| 143 | 448 |
| --- | --- |
| 113 | 505 |
| 144 | 17 |
| 145 | 217 |
| 147 | 516 |
| --- | --- |
| 113 | 505 |
| 155 | 17 |
| --- | --- |
| 113 | 505 |
| f167 | 182 |
| d168 | 168 |

## No. 14,147.

## STEWART *v.* THE STATE.

CRIMINAL LAW.—*Forgery.— Value of Property Sought to be Obtained.—Indictment.*—Under section 2206, R. S. 1881, defining the crime of forgery, the value of property sought to be obtained by means of a forged instrument is not of the essence of the offence, and a failure to allege that it was of value does not render the indictment bad.

SAME.— *Uncertainty in Forged Instrument.—Averment of Extrinsic Facts.—*A charge of forgery may be predicated upon an instrument reading, " Halls and Davisons: *pleas* let this boy have a *soot* of cloth (Signed) Mrs. Wilson. And let him have a cap, too," if extrinsic facts showing the fraudulent tendency of the order are averred.

SAME.— *Uncertainty in Criminal Pleadings.—How Reached.—*For uncertainty in the statement of the facts constituting the offence intended to be charged, an indictment or information can only be questioned by a motion to quash, and never by a motion in arrest, or by an assignment of error in the Supreme Court.

SAME.—*Bill of Exceptions.— Filing.—*Under section 1847, R. S. 1881, a bill of exceptions which the record does not show to have been filed by the clerk, will not be considered as constituting a part of the record.

From the Grant Circuit Court.

*M. L. Marsh* and *J. Brownlee,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett, S. W. Cantwell* and *H. J. Paulus,* for the State.

HOWK, J.—In this case Travis Stewart, defendant below and appellant here, was prosecuted upon affidavit and information for the crime of forgery, as the same is defined in the first part of section 2206, R. S. 1881. Upon his arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding defendant guilty as charged, and assessing his punishment at a fine in the sum of ten dollars, and imprisonment in the State prison for the term of two years. Over his motion for a new trial the court rendered judgment against him in accordance with the verdict.

By his assignment of errors defendant calls in question here, for the first time, the sufficiency of the facts stated in the affidavit and information herein to constitute a public offence.

In such affidavit and information it is charged, substantially, that defendant, on the 18th day of February, 1887, at Grant county, in this State, did then and there unlawfully, feloniously, falsely and fraudulently make, forge and counterfeit a certain order for the payment and delivery of property, which false, forged and counterfeit order then and there, and since, was of the following tenor, to wit:

"Halls and Davisons: *pleas* let this boy have a *soot* of cloth.                     (Signed)        MRS. WILSON.

"And let him have a cap, too."

That the words " Halls and Davisons," as used in such order, then and there meant, and were, by defendant, then and there intended to mean, one Levi Hall and one Levi Davison, who were then and there engaged as partners in the sale of men's and boys' ready-made clothing and caps in the town of Marion, in Grant county, under the firm name of "Hall & Davison," as defendant then and there well knew ; that the words "this boy," and the word "him," as used in such order, then and there meant, and were, by defendant, then and there intended to mean, said defendant ; that the letters and words "Mrs. Wilson," as used in such order, then and there meant, and were, by defendant, then and there intended to mean,

one Kezia Wilson, who was then and there, and since, a resident of such town of Marion, in Grant county; that said false, forged and counterfeit order then and there meant, and was, by defendant, intended to mean, that said firm of " Hall & Davison " should sell and deliver to defendant a suit of ready-made clothes and a cap, and that said Kezia Wilson would pay said firm the value of such clothes and cap; that defendant then and there forged such order as aforesaid, with intent then and there and thereby unlawfully, feloniously, falsely and fraudulently to prejudice, damage and defraud the said Kezia Wilson, contrary to the form of the statute, etc.

The second count of the affidavit and information is predicated upon defendant's alleged forgery of the same written order, and charges, substantially, the same extrinsic facts in relation thereto as the first count thereof, the substance of which we have given. But such second count differs from the first count, in this, that it is charged in the second count that defendant forged such order as aforesaid, with intent then and there and thereby unlawfully, feloniously, falsely and fraudulently to prejudice, damage and defraud said Levi Hall and Levi Davison, contrary to the form of the statute, etc.

In discussing the alleged insufficiency of the facts stated in the affidavit and information herein to constitute a public offence, the first point made by defendant's learned counsel is that such affidavit and information were insufficient, because the written order, for the alleged forgery of which defendant is now here prosecuted, shows upon its face that " it is not for the payment of money, or for the delivery of property of any value." Counsel say: " The information does not charge or allege that the property to be delivered under the order was of any value, nor does it charge that defendant received, under such order, any property of value, nor that he offered such order for any particular property of value."

This objection to the sufficiency of the affidavit and infor-

mation is not authorized by any provision of our statute defining the crime of forgery, or by any rule of criminal pleading prescribed by our criminal code. Under our statute, whoever falsely makes, forges or counterfeits "any order * * for the payment of money or property, * * * or any other instrument of writing, with intent to defraud any person, * * * shall be imprisoned in the State prison," etc. Section 2206, *supra*.

Under this statutory definition of the crime of forgery, it is certain, we think, that the value of the property which defendant apparently sought to obtain as the fruits of his crime, was " not of the essence of the offence." In such case, our criminal code expressly provides that " No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, * * * * for omitting a statement of the value or price of any matter or thing, * * * in any case where the value or price * * * * is not of the essence of the offence." Section 1756, R. S. 1881.

The sufficiency of the affidavit and information herein is further challenged by appellant's counsel, upon the ground that the written order set out is not an order or instrument of writing upon which a charge of forgery can be predicated under our statute. In support of their argument on this point, counsel cite and rely upon *Shannon* v. *State*, 109 Ind. 407. We are of opinion, however, that the case cited lends no support whatever to the contention of counsel. In that case the written order upon which the charge of forgery was based, was similar in its phraseology to the written order set out in the affidavit and information in the case at bar. In the case cited, the court below had overruled a motion to quash the indictment, because it did not state the offence with sufficient certainty, and that ruling was assigned here as error. It was there held by this court that the motion to quash the indictment ought to have been sustained, not upon the ground, however, that the written order was an instrument of writing, upon which a charge of forgery could not

be predicated under our statute, but solely because such order was so uncertain in its meaning that the averment of extrinsic facts, showing its fraudulent tendency, was necessary to the sufficiency of the indictment. In the case under consideration, the necessary extrinsic facts, showing the fraudulent tendency of the forged order, are averred in the affidavit and information, and their sufficiency was not called in question below by a motion to quash for uncertainty. In criminal pleading, for uncertainty in the statement of the facts constituting the offence intended or attempted to be charged, an indictment or information can only be assailed or questioned by a motion to quash, and never by a motion in arrest or by an assignment here, for the first time, that the facts stated in the pleading are not sufficient to constitute a public offence. *Trout* v. *State*, 107 Ind. 578; *Pattee* v. *State*, 109 Ind. 545; *Trout* v. *State*, 111 Ind. 499.

Appellant has also assigned as error the overruling of his motion for a new trial, and under it his counsel have presented and discussed several questions arising on the evidence. The point is made on behalf of the State by the attorney general, and it seems to be well made under our decisions, that the evidence given on the trial is not properly in the record. It is insisted on behalf of the State, that the bill of exceptions containing the evidence is not in the record, for the reason that the record fails to show that such bill was filed in the court below within the time given by the court. This point is fully sustained by the record, as it does not show that the bill of exceptions was ever "filed by the clerk." Our criminal code requires that the bill of exceptions " must be signed by the judge and filed by the clerk." Section 1847, R. S. 1881. It will be observed that this statutory provision is as imperative in requiring that the bill must be "filed by the clerk" as it is in requiring that it must be "signed by the judge." The statute is mandatory as to both requirements. When the bill of exceptions is signed by the judge and filed by the clerk, and these facts

are shown by the record, then, and not before, can the bill be considered here as constituting a part of the record.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed March 1, 1888.