Filed Jan. 29, 1895.

———————◆———————

No. 17,366.

## CAMPTON v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—*Arrest of Judgment.*—*Aiding Prisoner to Escape.*—An affidavit and information charging defendant with a violation of the provisions of section 2029, R. S. 1881 (section 2116, R. S. 1894), making it a criminal offense to aid or accomplish the escape of a prisoner, etc., is sufficient on motion in arrest of judgment, although the manner in which defendant aided and accomplished the escape of the prisoner is not stated.

SAME.—*Arrest of Judgment.*—*Defects and Uncertainties.*—For mere defects or uncertainties in criminal pleading, a motion in arrest of judgment will not be sustained, although such defects or uncertainties might be fatal on motion to quash.

BILL OF EXCEPTIONS.—*No Time Allowed for Filing.*—*Presentation to Judge and Signed After Term.*—*Not in Record.*—A bill of exceptions signed by the trial judge after the expiration of the term of court at which judgment was rendered, where no time was given in which to file such bill, can not be made a part of the record.

From the Daviess Circuit Court.

*A. M. Hardy*, for appellant.

*W. A. Ketcham, S. H. Spooner* and *M. Moores*, for State.

MONKS, J.—This was a prosecution by affidavit and

information against appellant charging him with aiding a prisoner to escape, in violation of the provision of section 2029, R. S. 1881 (section 2116, R. S. 1894).

The affidavit charges "that James Campton, on the 6th day of May, 1894, at and in the county of Daviess, in the State of Indiana, did then and there feloniously aid, assist, accomplish, and procure the escape of Logan Hodges and William Cochran, then and there prisoners in the custody of John G. Leming, as sheriff of said county, from the custody of said John G. Leming, as such sheriff, who then and there had the lawful custody of the said Logan Hodges and William Cochran, who were then and there charged by affidavit before Henderson McCafferty, a justice of the peace of Washington township, in said county and State, and by the justice of the peace aforesaid duly recognized to appear the first day of the May term, 1894, of the Daviess Circuit Court of said county and State to answer to the charge and offense of grand larceny as the said James Campton then and there well knew."

The information follows the affidavit. No motion was made in the court below to quash the affidavit or information. Section 2029, R. S. 1881 (section 2116, R. S. 1894), *supra*, upon which the prosecution is predicated, provides that "Whoever not being a person having the lawful custody of any prisoner charged with, or convicted of a felony, shall aid or accomplish the escape of such prisoner, shall be imprisoned in the State prison not more than twenty-one years nor less than two years." Appellant was tried by a jury, and found guilty as charged. The court, over a motion for a new trial, and a motion in arrest, rendered judgment on the verdict. It is insisted by counsel for appellant that the court below erred in overruling the motion in arrest of judgment,

for the reason that the affidavit and information do not state a public offense.

One of the objections urged is that the manner in which appellant aided and accomplished the escape of the prisoners named is not stated in the affidavit or information. The other objection is that there is no allegation in the affidavit or information that appellant did not have the lawful custody of the prisoners named at the time he is charged with aiding and accomplishing their escape.

It is, however, contended by the State that the failure to aver the manner in which appellant aided in said escape, is cured by verdict, and that from the allegation that said prisoners were in the lawful custody of John G. Leming, sheriff of said county, it clearly appears that they were not in the lawful custody of appellant.

It is settled by the decisions in this State, that for mere defects or uncertainties in criminal pleading a motion in arrest will not be sustained, although such defects or uncertainties might be fatal on a motion to quash. *Baker* v. *State*, 134 Ind. 657; *Graeter* v. *State*, 105 Ind. 271; *Trout* v. *State*, 107 Ind. 578; *Lowe* v. *State*, 46 Ind. 305; *Greenley* v. *State*, 60 Ind. 141; *Stewart* v. *State*, 113 Ind. 505; *Nichols* v. *State*, 127 Ind. 406.

The allegations in the affidavit and information were broad enough to admit proof of all the elements necessary to constitute the crime charged. The affidavit and information, although defective and uncertain, in the respects urged by appellant, contain, we think, all the essential elements of a public offense.

It is provided by section 1891, R. S. 1881 (section 1964, R. S. 1894), that "In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court

below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant.'' Under this statute, and the authorities cited, the court did not err in overruling the motion in arrest of judgment. *Baker* v. *State, supra*.

Had there been a motion to quash, an entirely different question would have been presented. More care should be exercised in preparing indictments and affidavits and informations, than seems to have been taken in this case.

Indictments under section 2029, *supra* (section 2116, *supra*), have been considered and sustained by this court. *Gunyon* v. *State*, 68 Ind. 79; *Stewart* v. *State*, 111 Ind. 554. See Gillett Crim. Law, p. 342.

The other questions argued by appellant are not in the record. No time was given by the court within which to present a bill of exceptions.

A bill of exceptions signed by the trial judge after the expiration of the term of court at which appellant was convicted, is copied into the transcript, but is not thereby made a part of the record. *Hunter* v. *State*, 101 Ind. 406. There is no error in the record.

Judgment affirmed.

Filed Feb. 27, 1895.