## WOODWORTH v. THE STATE.

[No. 17,838.    Filed May 5, 1896.    Rehearing denied June 10, 1896.]

CRIMINAL PROCEDURE.—*Affidavit and Information.—Sufficiency of Under Motion in Arrest of Judgment.*—An affidavit and information for an assault with intent to commit the crime of larceny, which does not allege that defendant attempted to perpetrate a violent injury, or that he had the ability to commit the injury is sufficient to withstand a motion in arrest of judgment.

From the St. Joseph Circuit Court.    *Affirmed.*

*J. W. & J. E. Talbot*, for appellant.

*W. A. Ketcham*, Attorney-General, and *J. C. Richter*, for State.

MONKS, J.—Appellant was tried and convicted upon

an affidavit and information, charging him with an assault on one William Cassiday, with intent to commit the crime of larceny. At the proper time the appellant filed a written motion in arrest of judgment, assigning as a cause therefor "that the facts stated in the affidavit and information do not constitute a public offense," which motion was overruled by the court.

This action of the court is assigned as error.

That part of the information necessary to the decision of the question presented is as follows: "George Woodworth, on the 11th day of June, 1895, at and in the county of St. Joseph, and State of Indiana, did then and there unlawfully and feloniously make an assault upon the person of one William Cassiday, with the intent then and there, unlawfully and feloniously to steal, take and carry away," etc.

An assault is defined by statute as follows: "Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault." Section 1910, R. S. 1881 (section 1983, Burns's R. S. 1894).

The statute upon which this prosecution is based is as follows: "Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, upon conviction thereof, be imprisoned in the State prison not more than fourteen years nor less than two years, and be fined not exceeding $2,000.00." Section 1909, R. S. 1881 (section 1982, Burns' R. S. 1894).

It is insisted by appellant that "the facts stated in the information do not constitute a public offense for the following reasons:

"1. It does not contain an allegation that appellant attempted to perpetrate a violent injury on the person of William Cassiday.

"2. It contains no allegation that appellant, at the

time of the alleged assault, had the present ability to commit injury upon the person of William Cassiday."

We think the information would not have been sufficient to withstand a motion to quash had such motion been made at the proper time in the court below. It is settled by the decisions of this court, that to withstand a motion to quash an information for an assault with intent to commit a felony, it must be averred that the defendant unlawfully attempted to commit a violent injury on the person named, and that he had the present ability so to do.   *Adell* v. *State*, 34 Ind. 543.

There are many defects and uncertainties, however, in criminal pleading which would be fatal on a motion to quash, which are not available on a motion in arrest.   *Campton* v. *State*, 140 Ind. 442, and cases cited. The rule at common law is thus stated in 1 Bishop Crim. Proced., section 707a:   "At common law, the verdict cures some things, as to which the rule is the same in criminal causes as in civil.   It is that though a matter either of form or of substance is omitted from the allegation or is alleged imperfectly, yet if under the pleadings the proof of it was essential to the finding, it must be presumed after the verdict to have been proved, and the party cannot now for the first time object to what has wrought him no harm." See *Quick* v. *Miller*, 103 Pa. St. 67; *Heymann* v. *Reg*, 12 Cox C. C. 383; *Reg* v. *Goldsmith*, 12 Cox C. C. 479.

An assault is defined by section 1910 (1983), *supra*, as an unlawful attempt to commit a violent injury on the person of another, coupled with the present ability to commit such injury, and it was in this sense that the word was used in the information.   And the same, therefore, contained all the essential elements of the offense, although defectively stated.   While this,

under our decisions, was not the proper way to allege the assault, yet the issue joined by the plea of not guilty was such as necessarily required proof on the trial of all the elements of an assault, without which it will not be presumed that the jury or the court would have found the defendant guilty. *Quick* v. *Miller, supra; Weinberger* v. *Shelly*, 6 W. & S. 336.

Besides, the information charges a public offense in the language of the statute (section 1909, 1982, *supra*), although not in language as specific and particular as required by the decisions of this court, but this is all that is required as against a motion in arrest of judgment.

In *Wall* v. *State*, 23 Ind. 150, on 151, which was a prosecution for an assault with the intent to commit murder, the indictment charged that the defendant "did unlawfully and feloniously make and perpetrate and assault, upon the body of one M. L. T. *by*, with the intention then and there, him, the said M. L. T., feloniously, purposely, etc., to kill and murder." * * * This indictment was held sufficient to withstand a motion in arrest of judgment.

It is true, that at the time the offense in the case of *Wall* v. *State, supra*, was committed our statute did not define the offense of assault. The rule is, however, that when the statute does not specifically define the offense the common law definition will be adopted. *State* v. *Berdetta*, 73 Ind. 185; *Burk* v. *State*, 27 Ind. 430.

An assault at common law was defined to be an attempt or offer, with force or violence to do a corporal hurt to another, coupled with a present ability or actual violence against his person. 1 East P. C. 406; 1 Russel Crimes (9th ed.), 1019; Roscoe's Crim. Ev. 304; *Stephens* v. *Myers*, 4 C. & P. 349. It seems, therefore, that an assault at common law was defined the same substantially as by our statute.

Appellant was fully advised by the information of the crime with which he was charged, and was bound to know the section of the statute upon which it was predicated. If he desired a more specific and definite statement of the offense, his remedy was by motion to quash. The general rule is that all objections, not jurisdictional, must be made at the first opportunity, or they will be deemed waived. The policy of the law is that a party shall not be permitted to take the chance of a favorable result, and then if disappointed for the first time complain.

Section 1891, R. S. 1881 (section 1964, Burns' R. S. 1894), provides that "In the consideration of questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action in the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

The pleading, as we have shown, was broad enough to admit proof of all the elements of the crime charged, and we must, therefore, after verdict, presume such proof was made. 1 Bishop Crim. Proced., section 707a.

The action of the court below, in overruling the motion in arrest, did not prejudice the substantial rights of the appellant.

Judgment affirmed.

HOWARD, J., was absent during the consideration and decision of this case.