## YOUNG *v.* STATE OF INDIANA.

[No. 23,553.   Filed October 31, 1919.]

INDICTMENT AND INFORMATION.—*Use of Disjunctives.—Uncertainty.*—An indictment for the unlawful possession of intoxicating liquors, as defined by the Prohibition Act, §8356d Burns' Supp. 1918, Acts 1917 p. 15, alleging more than one of the purposes made illegal by the statute, and connecting them by the disjunctive "or" instead of the conjunctive "and," is defective for uncertainty.

From Hamilton Circuit Court; *Frank S. Campbell,* Special Judge.

Prosecution by the State of Indiana against Rufus Young.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Floyd G. Christian, Ralph H. Waltz* and *Thomas E. Kane,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

LAIRY, C. J.—Appellant was convicted of having the unlawful possession of certain intoxicating liquors as defined by §8356d Burns' Supp. 1918, Acts 1917 p. 15.

The affidavit on which the judgment of conviction was based alleges, disjunctively, that appellant had possession of the whisky, "for the purpose and with the intent of unlawfully selling, bartering, exchanging, giving away, furnishing or otherwise disposing of the same contrary to the form of the statute in such cases made and provided." A motion to quash was addressed to this affidavit, which was overruled, and this ruling is assigned as error.

In a recent case, in which a similar question was presented, this court held that the several purposes for which the liquor was kept, when more than one is alleged, should be joined by the conjunctive "and," and not by the disjunctive "or," and that the use of the latter connective in such a pleading renders it defective for uncertainty. *State* v. *Sarlin* (1919), *ante* 359, 123 N. E. 800. See, also, *State* v. *Hatfield* (1915), 87 N. J. Law 124, 93 Atl. 677; *State* v. *Shadroui* (1915), 89 Vt. 520, 96 Atl. 8; *People, ex rel.* v. *Schatz* (1900), 50 App. Div. 544, 64 N. Y. Supp. 127; *State* v. *Seeger* (1902), 65 Kan. 711, 70 Pac. 599.

Under the rule as announced in the cases cited, the motion to quash should have been sustained on the ground of uncertainty in the affidavit to which it was addressed.

Judgment reversed, with instructions to sustain appellant's motion to quash the affidavit.

NOTE.—Reported in 124 N. E. 679. Indictment, use of disjunctive "or," see 51 L. R. A. (N. S.) 133, 22 Cyc 296.