Kroot *v.* State of Indiana.

[No. 23,498. Filed October 31, 1919. Rehearing denied February 19, 1920.]

1. CRIMINAL LAW.—*Indictment and Information.*—*Receiving Stolen Goods.*—*Sufficiency of Evidence.*—In a prosecution for receiving stolen goods, the evidence is reviewed and *held* sufficient to support the court's conclusion that part of the brass testified about was that charged in the affidavit, that it was stolen from the company named therein, that the name of the thief was unknown when the affidavit was filed and could not by inquiry be found

out, and that the defendant had knowledge that the brass was stolen at the time he received it. pp. 138, 140.

2. CRIMINAL LAW.—*Objections to Evidence.*—*Review.*—Where the defendant failed to make timely objection to the introduction of hearsay evidence and to save an exception, so as to give the trial court an opportunity to review the question on his motion for new trial, he may not raise such question on appeal under a specification in such motion challenging the sufficiency of the evidence. p. 140.

From Marion Criminal Court (48,555); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Isadore Kroot. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Carl H. Weyl* and *John F. Robbins,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

TOWNSEND, J.—Appellant was convicted of receiving stolen property, under §2273 Burns 1914, Acts 1905 p. 584, §381. Trial was by the court. Errors relied on: First. Trial court erred in overruling motion to quash the affidavit. Second. That the trial court erred in overruling motion for new trial.

First error is waived because it is conceded in the brief that the affidavit is sufficient. The second assignment presents the sufficiency of the evidence.

We are able to understand from appellant's brief that he claims that there was (1) no evidence to show that the property charged in the affidavit was stolen, (2) no evidence that appellee had any knowledge of the fact that it was stolen, (3) no evidence that the name of thief was unknown, as charged in the affidavit.

It is charged in the affidavit that appellant "did * * * unlawfully and feloniously buy and receive from one John Doe, whose true name is to affiant un-

known, conceal and aid in the concealment of forty-five brass journal bearings of the value of $243, of the personal property of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, etc.''

It is shown by the evidence that appellant is a junk dealer on West Washington street in Indianapolis, Indiana; that in the latter part of July, 1917, after 6 o'clock in the evening, after business hours, a young woman who was in the employ of appellant and had been working for him six or seven years, received a telephone message asking for appellant; that appellant was not at the place of business then; that this unknown person told her over the phone that he had a wagon that was broken down and that he had some stuff in it; that he wanted some way to bring it in; that this employe told this unknown person over the phone that she had an automobile and if there was not much of a load she would come out in the automobile and get it, if he would pay her for so doing; that between 8:30 and 9 o'clock that evening she met this unknown man on West Washington street, in the city of Indianapolis; that he got into her automobile; that he told her where to drive; that they went out to a point in the outskirts of the city, not definitely disclosed by the evidence, and found a wagon broken down; that junk was taken from this broken-down wagon and put into her automobile and brought to appellant's place of business on West Washington street in Indianapolis; that she made two trips with this unknown man bringing in two loads; that they reached the place of business of appellant with the last load after midnight; that this unknown man weighed the brass on appellant's scales because he said he wanted to

know how much there was of it; that at the time that this unknown man and appellant's employe were in appellant's yards, after 1 o'clock at night, officers rattled the gate, and this young woman, appellant's employe, let them in; that this unknown man on seeing the officers ran and escaped from them; that thereafter a search was made of appellant's premises, and 1,986 pounds of brass belonging to the company named in the affidavit was found on appellant's premises, also 483 pounds of brass belonging to the Monon railroad, all of the kind of that charged in the affidavit; that appellant was first asked whether he had any brass of that kind on his premises, and he said he had none; that when the place was searched the brass was found concealed, some of it in barrels, some of it under old rags and paper; that two barrels containing brass were headed up and rubber hoops fastened around the tops; that, when appellant was asked to explain his possession of this brass, he said that he did not know how it got there; that he did not know where it came from. Appellant could not offer any explanation of his possession of it.

The evidence further shows that brass had been stolen from the company named in the affidavit; that places where this company kept such brass had been broken into; that brass had been missed. A witness was asked on cross-examination by counsel for appellant if he knew who took it. He said he did not. It appears at this point that counsel for appellant are complaining because this witness testified that from reports that he had, and from the knowledge that he had of the business, journal brasses had been stolen from the company, and therefore counsel say that this is not to be considered because it is hearsay. It is a

sufficient answer to this to say that appellant's counsel have nowhere pointed out any objection which they made to this evidence, or any exception which they saved to the ruling of the court on this subject.

Appellant's points and authorities are not definitely addressed to each error relied on for reversal; but we are able to gather from the whole brief that counsel are complaining that there was not sufficient identification of the journal brasses testified about, that the allegation in the affidavit that the name of the thief was unknown is not sustained by any evidence except hearsay and inference from circumstances; that there is no evidence to show that appellant knowingly received the stolen property; that the evidence on these various subjects is hazy and indefinite, and that therefore a conviction cannot be sustained.

Appellant is not permitted under the law to sit by and allow hearsay evidence to go into the record against him, and to allow testimony concerning

2. pieces of brass not properly identified as those charged in the indictment, then raise these questions here when the only assignment in the motion for new trial is that the finding is not sustained by sufficient evidence. If he wished to avail himself of error in the admission of improper evidence, he should have made timely objection and saved an exception, and then given the trial court an opportunity to review this in the motion for a new trial.

We hold that there is sufficient evidence in the record from which the court had a right to conclude that

1. part of the brass testified about was the brass charged in the affidavit; that it was stolen from the company named in the affidavit; that the name of the thief was unknown at the time the affi-

davit was filed, and could not by inquiry be found' out; that appellant had knowledge that the brass was stolen at the time he received it.

We therefore conclude that the finding was sustained by sufficient evidence and that the court did not err in overruling appellant's motion for a new trial.

The judgment of the trial court is affirmed.