## Graves v. State of Indiana.

[No. 23,938.   Filed October 13, 1921.]

1. APPEAL.—*Briefs.—Points.—Waiver of Error.*—The assignment of error on the court's ruling on a motion for a new trial is waived where no point is addressed thereto in appellant's brief. p. 199.

2. INDICTMENT AND INFORMATION.—*Certainty.—Use of Disjunctives.—Statutes.*—In a prosecution for violation of that part of §4 of the Prohibition Act, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, making it unlawful "to keep any intoxicating liquors, with intent to sell, * * * furnish *or* otherwise dispose of same," an affidavit charging the offense in the words of the statute did, "unlawfully keep * * * certain intoxicating liquors with intent to unlawfully sell * * * furnish *or*

otherwise dispose of the same," using the disjunctive "or" instead of the conjunctive "and," is bad for uncertainty. p. 199.

3. CRIMINAL LAW.—*Conviction.*—*Place of Imprisonment.*—*Judgment Failing to Conform to Verdict.*—*Motion to Modify.*—*Statutes.*—Where defendant was found guilty of violating §4 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) and the jury imposed a penalty of three months' imprisonment in the county jail, the trial court in rendering judgment on the verdict could properly designate the State Penal Farm as the place of confinement in view §9926a *et seq.* Burns 1914, Acts 1913 p. 660, as amended by Acts 1919 p. 81, so that it was not error to overrule defendant's motion to modify the judgment so as to make it conform to the verdict of the jury. p. 200.

From Elkhart Superior Court; *William B. Hile,* Judge.

Prosecution by the State of Indiana against William Graves; From a judgment of conviction, the defendant appeals. *Reversed.*

*Harman & Jay,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This was a prosecution for an alleged violation of §4 of the act, known as the "Prohibition Law," §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, instituted in the Elkhart Superior Court. The trial upon the plea of not guilty resulted in a verdict of guilty by the jury, which imposed a fine and imprisonment in the county jail for three months, and the court rendered its judgment, which imposed the fine as fixed by the jury in the verdict, and imprisonment, which did not follow the verdict, but was, "that he (the defendant) be committed to the Indiana State Penal Farm for a period of three months," etc., from which judgment the defendant appeals to this court.

This appeal is prosecuted upon two questions of law, neither of which depends on the facts of the case, or to

the evidence relating thereto; hence no statement of facts is necessary or made.

In the court below, defendant filed a motion to quash the affidavit which charged the offense, specifying as causes therefor: 1. The facts stated in the affidavit do not constitute a public offense; and, 2. The affidavit does not state the offense with sufficient certainty; also a motion for a new trial; and a motion to modify the judgment to make it conform to the verdict, which was to require the imprisonment to be in the county jail instead of in the State Penal Farm; all three of which motions were overruled by the court, and exceptions duly taken by the defendant.

The three errors assigned on appeal are upon the three rulings, as stated; but, because no point is made upon the overruling of the motion for a new trial

1. in appellant's brief, only the questions raised by the motions to quash the affidavit and to modify the judgment will be considered.

As to the motion to quash, the sole question presented is the construction of the disjunctive "or" in the statute when used in the affidavit or in an indictment

2. which charges the offense. That part of the statute which is applicable to this case is as follows: "it shall be unlawful for any person to * * * keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish *or* otherwise dispose of the same," etc. The affidavit which charges the offense, follows the wording of the statute, in so far as using the disjunctive "or" is concerned, and reads as follows, omitting the formal parts, "unlawfully keep and have in his possession, certain intoxicating liquors with intent to unlawfully sell, barter, exchange, give away, furnish *or* otherwise dispose of the same," etc.

Because of the use of the disjunctive word "or," instead of the conjunctive "and," in the affidavit, it was

bad for uncertainty. Further discussion of the point is unnecessary because the identical question has very recently been decided. The motion to quash ought to have been sustained. *State* v. *Sarlin* (1919), 188 Ind. 359, 123 N. E. 800; *Young* v. *State* (1919), 188 Ind. 505, 124 N. E. 679.

The error assigned upon the overruling of the motion to modify the judgment has no merit. Section 8, Acts 1913 p. 660, §9926a *et seq.* Burns 1914, as amended by Acts 1919 p. 81, disposes of the question. The trial court erred in overruling the motion to quash the affidavit.

Judgment reversed, with instructions to sustain appellant's motion to quash the affidavit.

Myers, J., absent.