ROWE v. STATE OF INDIANA

[No. 23,939. Filed November 29, 1921. Rehearing denied February 3, 1922.]

1. CRIMINAL LAW.—*Withdrawal of Plea.—Discretion of Court.*— Whether accused shall be permitted to withdraw a plea of guilty entered by him is within the sound discretion of the trial court, and its denial of leave will not be disturbed, where based on conflicting evidence which the trial court was compelled to weigh, it being impossible for the court on appeal to say that the trial court abused its discretion. p. 538.

2. CRIMINAL LAW.—*Affidavit.—Uncertainty.—Attacking by Motion in Arrest of Judgment.—Statutes.*—An affidavit charging that defendant, in violation of the Prohibition Law (Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918), had in his possession intoxicating liquors "with intent to unlawfully sell, barter, exchange, give away, furnish or otherwise dispose of the same," though bad on a motion to quash, under §2065, cl. 4, Burns 1914, Acts 1905 p. 584, §194, because of the uncertainty resulting from the use of the disjunctive "or" instead of the conjunctive "and," cannot be challenged for such defect by a motion in arrest of judgment under §2159 Burns 1914, Acts 1905 p. 584, §283, specifying the grounds for motion in arrest of judgment. p. 538.

From Elkhart Superior Court; *William B. Hile,* Judge.

Prosecution by the State of Indiana against Archibald Rowe. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Robert E. Proctor* and *Elias D. Salsbury,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The defendant was convicted of a violation of the Prohibition Law. The affidavit charged that "on or about the 16th day of December, 1920, at Elkhart County, in the State of Indiana, Archibald Rowe, did then and there unlawfully, keep and have in his possession certain intoxicating liquors, with intent to unlawfully sell, barter, exchange, give away, or otherwise dispose of the same."

This affidavit was filed on December 17, 1920, and on the same day defendant appeared in open court, and entered a plea of guilty. The court deferred sentence until December 28, 1920. On that day defendant by his attorney, filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty. This motion was supported by the affidavit of defendant setting forth in detail his reasons why such motion should be sustained. The court then fixed December 31, 1920, as the time for hearing on the motion to withdraw the plea of said defendant.

It appears from the record that at the time set for the hearing of said motion, the defendant appeared in person and by his attorney and the State of Indiana appeared by the prosecuting attorney "and evidence is introduced on behalf of the State in opposition to the facts disclosed in the affidavit, filed in support of the motion for leave to withdraw defendant's plea of guilty, heretofore entered herein. And the court having heard the evidence adduced and being well advised in the

premises, upon due consideration, overrules said motion for leave to withdraw plea.  *  *  *"

The defendant then filed a motion in arrest of judgment which motion was overruled and judgment entered from which appellant appeals.

The errors relied on for reversal are:  (1) The court erred in overruling appellant's motion to set aside the judgment and for leave to withdraw plea of guilty and to enter a plea of not guilty to the affidavit herein.  (2) The court erred in overruling appellant's motion in arrest of judgment.

In *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742, it is said: "Whether one duly charged with a crime may withdraw a plea of guilty entered by him is

1.  a question committed to the sound judicial discretion that an impartial judge should exercise. On appeal for review, as the presumption is in favor of the ruling of the trial court, its denial of an application to be permitted to withdraw a plea of guilty and to plead not guilty and defend will, as a rule, be sustained, where the record discloses no ground for the application or where it appears from the record that the court's ruling was based on conflicting evidence which it was compelled to weigh to reach a conclusion." *Monahan* v. *State* (1893), 135 Ind. 216, 34 N. E. 967; *Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421; *Conover* v. *State* (1882), 86 Ind. 99.

In the instant case the ruling of the court was based on conflicting evidence, which the trial court was compelled to weigh to reach a conclusion.  We cannot say that the court abused its discretion in overruling the motion to withdraw the plea of guilty.

The appellant claims that the court erred in overruling appellant's motion in arrest of judgment for

2.  the reason that the affidavit charges disjunctively that appellant did unlawfully "keep and have

in his possession certain intoxicating liquors with intent to unlawfully sell, barter, exchange, give away, furnish, or otherwise dispose of the same" and that this renders the pleading uncertain. No other objection is pointed out.

The affidavit would have been bad on a motion to quash, because of the use of the disjunctive "or" instead of the conjunctive "and." *State* v. *Sarlin* (1919), 188 Ind. 359, 123 N. E. 800; *Young* v. *State* (1919), 188 Ind. 505, 124 N. E. 679; *Graves* v. *State* (1921), *ante* 197, 132 N. E. 369.

One of the statutory grounds for quashing an indictment or affidavit is "that the indictment or affidavit does not state the offense with sufficient certainty." §2065, cl. 4, Burns 1914, Acts 1905 p. 584, §194.

No motion to quash was made. By our statute the motion in arrest is limited in its scope. §2159 Burns 1914, Acts 1905 p. 584, §283. The motion in arrest of judgment did not question the affidavit for uncertainty in the statement of facts constituting the offense, intended to be charged in the affidavit. Such uncertainty can only be questioned by a motion to quash and not by a motion in arrest. See: *Laycock* v. *State* (1894), 136 Ind. 217, 36 N. E. 137; *Stewart* v. *State* (1888), 113 Ind. 505, 16 N. E. 186; *Trout* v. *State* (1886), 107 Ind. 578, 8 N. E. 618; *State* v. *Arnold* (1896), 144 Ind. 651, 42 N. E. 1095, 43 N. E. 871; *Woodworth* v. *State* (1896), 145 Ind. 276, 43 N. E. 933; *Campton* v. *State* (1895), 140 Ind. 442, 39 N. E. 916; *Merrick* v. *State* (1878), 63 Ind. 327; *Bright* v. *State* (1883), 90 Ind. 343; *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117.

No error was committed in overruling the motion in arrest of judgment.

No error appearing in the record the judgment is affirmed.