FERRIS *v*. STATE OF INDIANA.

[No. 25,010.   Filed March 5, 1929.   Rehearing denied June 25, 1929.]

*Malcolm V. Skinner, George T. Whitaker* and *Moran & Gillespie*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by an affidavit approved by the prosecuting attorney that he, "on May 23, 1925, at the county of Jay and state of Indiana, did then and there unlawfully have and possess intoxicating liquor with intent to sell, barter, exchange, give away, furnish, or otherwise handle or dispose of, contrary," etc.

Appellant's motion to quash the affidavit for the reason that it does not state the offense with sufficient certainty with other reasons, was overruled.   The particular objection to the affidavit is that the pleading is uncertain because the several acts alleged are charged disjunctively by the use of the word "or."   The affidavit is in the language of the statute.   The appeal is taken from a judgment upon a verdict of guilty.   Other questions of law are presented which are unnecessary to be considered to decide the case.

Upon the authority of the case of *Graves* v. *State* (1921), 191 Ind. 197, 132 N. E. 369, and cases cited, it is held that overruling appellant's motion to quash was reversible error.

The case is remanded, and it is ordered that the Jay Circuit Court sustain appellant's motion to quash the affidavit.

Judgment reversed.

## DISSENTING OPINION.

MARTIN, J.—*Graves* v. *State* (1921), 191 Ind. 197, 132 N. E. 369, upon the authority of which[1] this case was decided, arose under the Prohibition Law of 1917, which made it unlawful "to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same."

Acts 1925, ch. 48, §4, §2717 Burns 1926, which became effective April 25, 1925, one month before this offense was committed and under which this prosecution was brought, made the possession of intoxicating liquor a crime, regardless of the purpose for which it was possessed or intended. Under the 1925 act it neither adds to nor detracts from the offense of possessing intoxicating liquor to charge the purpose of such possession. Such additional charge is surplusage and should not make the pleading bad.

---

[1] It appears to me that there is a serious question as to whether this court in *Graves* v. *State, supra,* and in *Young* v. *State* (1919), 188 Ind. 505, 124 N. E. 679, did not improperly apply the general rule of law which they announce.

As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative. But an indictment will not be held bad, as in the disjunctive or alternative, where the terms so laid are synonymous or where one of them may be rejected as surplusage. 31 C. J. 664, 746.