SMITH *v*. STATE OF INDIANA.

[No. 30,791. Filed November 4, 1965. Rehearing denied December 21, 1965.]

*Virgil J. McCarty, Thomas J. O'Connor,* and *McCarty & O'Connor,* of Brookville, for appellant.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged in four counts with:

1. Assault.
2. Drawing a dangerous weapon.
3. Assault with intent to murder, and
4. Resisting arrest by a sheriff by the use of a loaded shotgun.

He was found not guilty on all counts except the fourth (resisting arrest), under which he was found guilty of "simple assault". The jury's verdict was as follows:

"We, the Jury, find the defendant guilty of simple Assault as contained in Count 4 of the affidavit, and that he be fined in the sum of *$100.00* (not exceeding $500.00) and that he be imprisoned for a period of *90 days* (not exceeding six months, however, the assessment of any time is optional with you)."

Without making any objection at the time of the return of the verdict as to any alleged defect therein, the appellant thereafter filed a motion to modify the judgment on the ground that the jury should have fixed the place of imprisonment either in the county jail or in the Indiana State Farm. The judgment of the court following the verdict provided for the imprisonment at the Indiana State Farm.

Burns' Ind. Stat. Anno. § 10-402 (1956 Repl.) fixing the penalty for an assault, states that upon conviction such person

". . . shall be fined in any sum not exceeding five hundred dollars ($500.00), to which may be added imprisonment in the county jail or in the Indiana State Farm not exceeding six (6) months."

Burns' Ind. Stat. Anno. § 9-1819 (1956 Repl.) provides in part:

"When the defendant is found guilty the jury, except in cases provided for, in the next three (two) sections, must state, in the verdict, the amount of fine and punishment to be inflicted; . . ."

This section is applicable to charges and convictions under the assault statute. Appellant argues that under the above section it was the duty of the jury and not the court to fix the imprisonment in the Indiana State Farm or the county jail. In our opinion, appellant's contention that the verdict fixed by the jury was defective is clearly erroneous. The place of confinement is fixed by the statute and the court, in entering the judgment, had no discretion, but was compelled under the statute, to fix the imprisonment at the Indiana State Farm.

Burns' Ind. Stat. Anno. § 13-507 (1956 Repl.) in part provides:

". . . it shall be the duty of all judges of circuit, superior, criminal and city courts to commit thereto so far as the capacity of the institution will permit, all male persons who are above the age of commitment to the Indiana Boys' School, who shall have been convicted of the violation of any criminal law of this State now in force or hereafter enacted, or of any ordinance now in force or hereafter enacted, the punishment for which consists or shall consist of imprisonment in any county jail or workhouse. . . . Provided, however, That when the imprisonment adjudged is *sixty (60) days or less,* or where the fine and costs assessed by any court, where not paid or replevied, would not require the defendant to serve more than sixty (60) days in any county jail or workhouse, the court trying such case shall have discretion to commit such defendant either to the state farm or to the jail or workhouse of the proper county; . . ." (Our italics)

We have held in *Banks* v. *State* (1919), 188 Ind. 353, 355, 123 N. E. 691, 692, that

". . . where the term of imprisonment was ninety days, it was the absolute duty of the court to commit the defendant to the state farm."

To the same effect is *Graves* v. *State* (1921), 191 Ind. 197, 132 N. E. 369, where the jury's verdict provided imprisonment for 90 days "in the county jail." The law is settled that the place of imprisonment of an individual convicted of a violation of a provision of the criminal law is determined by the trial judge and not the jury, pursuant to the mandatory or discretionary provisions of the statute. When the imprisonment is to be more than 60 days and the individual is above the commitment age of the Indiana Boys' School and the statute does not provide for imprisonment in a state prison or reformatory, the trial judge must commit the convicted individual to the Indiana State Farm.

The appellant, however, states that Burns' Ind. Stat. Anno. § 9-1819 (1956 Repl.) [Acts 1927, ch. 200, § 1, p. 574], which provides that the jury shall fix the punishment in assault cases, repeals Burns' Ind. Stat. Anno. § 13-507 (1956 Repl.) [Acts 1913, ch. 236, § 8, p. 660 as amended by Acts 1919, ch. 33, § 1,

p. 81 and Acts 1931, ch. 77 § 1, p. 224], which provides for confinement in the state farm where the imprisonment fixed is more than 60 days.

Upon an examination of these two statutes, we find no conflict sufficient to create any implied repeal of the old statute. The 1927 Act did not specifically repeal any provision of the 1913 Act. The court cannot indulge in presumptions of repeal by implication unless there is an irreconcilable conflict in the two statutes, and we find no such inconsistency exists in this case.

Furthermore, the Act of 1913, supra, was amended in 1931 by restoring the 60 day period which in 1919 had been fixed at 30 days. If there were any repeal by implication, the amendment of 1931 would prevail over the Act of 1927. *Shewmaker* v. *State* (1956), 236 Ind. 49, 138 N. E. 2d 290.

We further point out in this case that in reality the judgment was in proper form. It was the verdict which the appellant attacks in this case as being defective. If the appellant felt the verdict of the jury was not in proper form, he may not stand idly by and make no objections thereto and permit the jury to be discharged, and then, after the jury has separated finally and it is too late to correct or amend the verdict, attack the verdict as defective. One may not fail to make objections during the trial at the proper time when the alleged error is revealed, and later, after it is too late to remedy such alleged error, predicate error thereon. Such conduct constitutes a waiver, since judicial proceedings must be conducted in an orderly fashion such that objectionable errors may be remedied promptly before it is too late. A defective verdict may not be attacked for the first time through a motion to correct a judgment, which is correct on its face. *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182.

The trial court in this case, upon rendering judgment, directed the sheriff to confiscate the shotgun used by the appellant and destroy the same. It is pointed out in the briefs that the only statute under which such procedure is authorized

is Burns' Ind. Stat. Anno. § 10-4706 (1965 Supp.), which provides:

"In case the arrested person be found guilty of violating this statute by wearing or carrying such concealed weapon there shall be entered as part of the judgment of conviction of said crime an order to the sheriff directing the destruction of such weapon by the justice, mayor, city judge, municipal court judge, magistrate, or judge of the criminal or circuit court before whom or in whose court such cause is pending, and the sheriff shall execute the same in the manner and at the time fixed by such order."

The appellant was not charged under a statute for carrying concealed weapons, and no other law is pointed out to us under which the weapon could be confiscated, as in this case. We therefore find that the court erroneously made an order of confiscation, and it is directed to rescind such order and that part of the judgment directing the confiscation of the gun described.

The judgment of the trial court is otherwise affirmed.

Myers, and Landis, JJ., concur. Jackson, C. J., concurs in result with separate opinion to follow. Achor, J., not participating.

### SEPARATE OPINION

JACKSON, C. J.—I concur in the result reached by the majority opinion, but wish to point out that the majority opinion is predicated on an erroneous conclusion of law.

The "Motion to Modify Judgment" filed by the appellant, omitting heading, formal parts and signature of appellant, reads as follows:

"Comes now the defendant, Henry Smith, in the above entitled cause, and moves the Court to modify the judgment herein rendered on this 9th day of March, 1965, for the following reasons:

"1. (a) That the verdict of the Jury rendered herein on December 3, 1964, was as follows: 'We, the Jury, find the Defendant Not Guilty of Count 1 herein
'"s/ Chester J. Bommer, Foreman'

"(b) 'We, the Jury, find the Defendant Not Guilty of Count 2 herein

s/ Chester J. Bommer, Foreman'

"(c) 'We, the Jury, find the Defendant Not Guilty of Count 3 herein

s/ Chester J. Bommer, Foreman'

"(d) 'We, the Jury find the Defendant, Guilty of simple assault as contained in Court 4 of the Affidavit, and that he be fined in the sum of $100.00 and, that he be imprisoned for a period of 90 days.

s/ Chester J. Bommer, Foreman'

"2. That Count 4 was a charge of Resisting Arrest, which included the lesser crime of 'Assault.'

"3. That the penalty for Assault under Section 10-402 of Burns Revised Statute of Indiana (1956 Replacement) Vol. 4, Part 2, is 'a fine in any sum not exceeding five hundred dollars ($500.00), to which may be added imprisonment in the County Jail or in the Indiana State Farm not exceeding six (6) months.'

"4. That the verdict of simple assault was finding the defendant guilty of a misdemeanor.

"5. That Sec. 9-1819 of said Statutes provides: 'When the defendant is found guilty, the jury, except in the cases provided for in the next three (two) sections, must state, in the verdict the amount of fine and the punishment to be inflicted . . .'

"6. That the said Court on the 9th day of March, 1965, rendered Judgment upon the verdict of the jury herein, as follows: (leaving out Caption)

" 'Comes now the State of Indiana by Franklin Bridenhager, Prosecuting Attorney, and comes now also Henry Smith, the defendant herein in person and by Virgil J. McCarty, his attorney, and now the Court in accordance with the verdict of the jury heretofore returned against the defendant in this cause finds that the defendant is guilty of assault as contained in count Four (4) of the affidavit herein and that he be fined $100.00 and charged with the costs in this cause, and that he be imprisoned in the Indiana State Farm for a period of ninety (90) days.

" 'WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED by the Court, all in accordance with the verdict of the jury heretofore returned against the defendant in this

cause, that the defendant is guilty of assault as contained in Count 4 in the affidavit herein, and that he make his fine in the sum of $100.00 and that he be charged with the cost in this action, and that he be imprisoned in the Indiana State Farm for a period of Ninety (90) days.

" 'ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED by the Court and this case is adjudged to be finally disposed of and the Sheriff is charged. with the execution of the judgment.

" 'AND NOW THE DEFENDANT by Virgil J. McCarty files his motion to modify the judgment heretofore returned against him in this cause, said motion being in words and figures following to-wit: (H.I.), and the Court now considers said motion to modify and being now duly and sufficiently advised now overrules and denies the same and now the defendant prays the Court for authority to appeal to the Supreme Court of the State of Indiana from the ruling of this Court denying the defendant's motion to modify the judgment against him in this cause, and prays the Court to be let to bail pending said appeal, and prays the Court to fix the amount of the appeal bond, and now the Court grants the request to appeal and to be let to bail pending said appeal and fixes the appeal bond in the sum of $2500.00. And now said defendant files his appeal bond herein in the sum of $2500.00 with Mamie Smith (his wife) and Alvin Becker, and Anna Mae Becker, husband and wife, as sureties thereon and now the Court approves said bond and the defendant is released from custody pending the appeal, said bond is in the words and figures following, to-wit: (H.I.).

"AND NOW the said Henry Smith by his attorney, files with the Clerk and serves on the Prosecuting Attorney his notice of appeal in this case, and the same being in words and figures following: (H.I.).

" 'AND NOW IT IS ORDERED, ADJUDGED AND DECREED by the Court that the Sheriff of this County confiscate the shotgun used by Henry Smith in the assault, by destroying the same.

" 'ALL OF WHICH is ordered, adjudged and decreed by the Court and this cause is continued.'

"7. That said verdict, insofar as same pertains to imprisonment and days where same are to be spent, is so ambiguous as to be void and thus that part of said judgment, that defendant be imprisoned in the Indiana State Farm for a period of ninety (90) days is void, erroneous and illegal.

"8. That said defendant moves the Court to modify that part of said judgment that refers to imprisonment in Indiana State Farm for a period of ninety (90) days, and to strike out and correct that part of said judgment or to strike out from said judgment the words 'that he be imprisoned in Indiana State Farm for a period of ninety (90) days.'

"9. That the Court could not tell from the verdict of the jury whether they intended for defendant to be imprisoned in the County Jail, or in the Indiana State Farm, for a period of ninety (90) days, and the jury is the only one who can assess the punishment or days of imprisonment and where the confinement is to be in a misdemeanor.

"10. That the Court did not ask the jury to specify or correct their verdict before they were discharged on the evening that they returned their verdict, and they were discharged on the evening of December 3, 1964.

"11. That the following part of said judgment should be modified in that it should be stricken out from said judgment, and which part so sought to be stricken out is next to the last paragraph of said judgment and is in the words as follows:

" 'And NOW IT IS ORDERED, ADJUDGED AND DECREED by the Court that the Sheriff of this County confiscate the shotgun used by Henry Smith in the assault by destroying the same.' for the reason that the uncontradicted evidence in said cause showed that said shotgun was the property of the son of Henry Smith, the defendant, and was not the property of the defendant, as the uncontradicted evidence showed that said defendant was taking the shotgun to a neighbor who had purchased the shotgun from his said son, and since his said son owed the defendant as much or more money than the shotgun was sold for, said defendant was hoping he could deliver the shotgun to said purchaser and get the money and then his son would pay him what his son owed said defendant, and for the further reason that there is no statute in Indiana giving the Court the right to order the Sheriff of Franklin County to confiscate the said shotgun, by destroying the same.

" 'And for the further reason that the judgment shows that it was no part of the original judgment announced by the Court, and was not announced by the Court in open Court prior to the time the defendant filed his Motion to Modify the Judgment shown in the second paragraph of the judgment.

"And for the further reason that said paragraph ordering confiscation and destruction of said gun was not part of the jury verdict and is null and void.

"WHEREFORE, said defendant moves the Court to modify said judgment insofar as same pertains to imprisonment in the Indiana State Farm for a period of ninety (90) days, and strike same from said judgment, and also to modify said judgment insofar as same pertains to the order that the Sheriff of said County confiscate the shotgun used by Henry Smith in the assault by destroying the same, by striking out all of said order in reference to confiscating and destroying said shot gun."

Appellant's motion would be governed by the provision of Rule 2-40B of this court.

I am in agreement with the conclusions of the majority opinion that the Act of 1927, ch. 200, § 1, p. 574, § 9-1819, Burns' 1956 Replacement did not repeal § 13-507 Burns' 1956 Replacement, and their reasoning and citations in support thereof.

I disagree with the conclusions stated in the majority opinion immediately above their citation of *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182, for the reason that the cited case does not support such conclusions. Such conclusions read:

"We further point out in this case that in reality the judgment was in proper form. It was the verdict which the appellant attacks in this case as being defective. If the appellant felt the verdict of the jury was not in proper form, he may not stand idly by and make no objections thereto and permit the jury to be discharged, and then, after the jury has separated finally and it is too late to correct or amend the verdict, attack the verdict as defective. One may not fail to make objections during the trial at the proper time when the alleged error is revealed, and later, after it is too late to remedy such alleged error, predicate error thereon. Such conduct constitutes a waiver, since judicial proceedings must be conducted in an orderly fashion such that objectionable errors may be remedied promptly before it is too late. A defective verdict may not be attacked for the first time through a motion to correct a judgment, which is correct on its face."

In truth and in fact the *verdict of the jury* under the reasoning expressed in the majority and this separate opinion is correct; *it is the judgment of the court* that is in part incorrect. The court, in my opinion, under the 1931 Amendment to § 13-507, Burns' 1956 Replacement, would on the verdict herein rendered be obligated by the terms of such statute to require the 90 day sentence to be served at the Indiana State Farm and had the jury included in its verdict a statement to the effect that the sentence of 90 days was to be served in the County Jail it would have been erroneous and the statute would prevail; on the other hand had the verdict directed that the 90 days be served at the State Farm such directive would have been redundant or surplusage because again the statute, § 13-507, Burns', 1956 Replacement, *supra,* would prevail.

The doctrine of waiver attempted to be applied here in reliance on the *Hobbs* case, *supra,* is not in anywise applicable or appropriate. The doctrine of waiver is, in my opinion, not often available to the State, as it is in direct conflict with the constitutional rights of a defendant to stand mute and require the State to prove every element of the offense charged beyond a reasonable doubt. In the case at bar the motion to modify the judgment was in compliance with Rule 2-40B of this Court, eminently proper, and the only way in which the defective judgment could be reached as the judgment rendered by the court, after the jury verdict, was not in compliance with the verdict, but merely represented the personal bias, prejudice and illegal attempt of the court to impose its will on the appellant over and above the verdict of the jury and contrary to any statutory authority. *Evans* v. *The State* (1898), 150 Ind. 651, 50 N. E. 820.

I concur in that part of the majority opinion directing the court to correct and rescind that part of the judgment and order directing the confiscation of the gun described therein.

NOTE.—Reported in 211 N. E. 2d 186.